# LESH v. LESH.

APPEALABLE ORDERS; JUDICIAL DISCRETION; ALIMONY AND COUNSEL
    FEES IN MAINTENANCE CAUSES; GENERAL EQUITY JURISDICTION,
    EFFECT OF CODE UPON.

1. An order for the payment of alimony *pendente lite* and counsel fees
    is, in effect, a final order, and is appealable, without special leave
    being obtained to appeal therefrom; *construing* Sec. 226, Code
    D. C.
2. The allowance of alimony *pendente lite* is largely within the judicial
    discretion of the lower court, whose action will not be disturbed
    without good cause.
3. This court refused to disturb an order allowing a wife $5 a week
    *pendente lite* and $30 counsel fees where the application was
    made after the filing of the testimony and the order was based
    on affidavits and presumably on the testimony which was referred
    to in the affidavits, and where the testimony was not before this
    court.
4. The Supreme Court of this District, sitting as an equity court, as a
    part of its general equity jurisprudence, has the power to allow
    alimony *pendente lite* and counsel fees in a suit by a wife for
    support and maintenance, *following* Tolman v. Tolman, 1 App.
    D. C. 299; its inherent right not having been divested by Sec.
    980, Code D. C., providing that in such proceedings the court
    may require a husband to pay his wife such sums as would be
    allowed to her as permanent alimony in case of divorce.
5. It was the intention of the Code D. C. to enlarge, rather than to
    restrict, the jurisdiction of the courts of equity of this District,

Sec. 1640 providing that " nothing in the repealing clause of this code contained shall be held to affect the operation or enforcement in the District of Columbia of the common law or the principles of equity or admiralty."

No. 1248. Submitted March 5, 1903. Decided April 7, 1903.

HEARING on an appeal by the defendant from an order of he Supreme Court of the District of Columbia, sitting as in equity court, granting alimony *pendente lite* and counsel fees, in a suit by a wife for maintenance; and also on a motion by the complainant, the appellee, to dismiss the appeal on the ground that the order appealed from was not an appealable order. *Motion denied and order affirmed.*

The COURT in the opinion stated the case as follows:

This is a suit for maintenance, instituted in the Supreme Court of the District of Columbia by the appellee, Margaret A. Lesh, as complainant or petitioner against the appellant, William W. Lesh, her husband, as defendant. In her bill of complaint, or petition, she alleges in substance the marriage of the parties, desertion and abandonment of the petitioner by the defendant, failure on the part of the defendant to contribute anything to her support, her dependence on her own earnings for such support, and that she is well advanced in years and infirm in health; and the prayer of the petition is that the defendant should be required by the decree of the court to pay to her monthly a sum reasonably sufficient for her support; and also for general relief. The appellant, as defendant, answered the petition; and while not denying its general allegations, made counter charges against her of gross misconduct on her part deemed by him to be sufficient to justify his own course of conduct toward her.

The petition was filed on December 11, 1901. In January of 1902 an application seems to have been made for alimony *pendente lite* and counsel fees, which at that time was denied by the court. The appellant filed his answer on February 5, 1902; and thereupon it seems that testimony was taken.

On July 28, 1902, after such testimony had been taken and returned into court, and when, as we are advised, the cause had been set down on the calendar of the court for hearing, the application was renewed for the allowance of alimony *pendente lite,* under the designation of " due maintenance," and for a reasonable counsel fee; and the petitioner supported the application with her own affidavit, wherein she reiterated the substantial allegations of her petition in regard to her own want of means and the ability of the defendant to contribute to her support; and also alleged that the testimony taken and filed in the cause, to use the language of the affidavit, " utterly refuted the false and defamatory answer of the defendant." On August 2, 1902, the defendant filed a counter affidavit, wherein it was alleged that the petitioner did have means of her own sufficient for her support, and that the testimony filed in the cause did not show what the petitioner in her affidavit alleged that it did show.

" Upon this application and affidavits and the answer of the defendant and the accompanying affidavits," according to the recital in the record, the court ordered that the defendant should pay to the petitioner the sum of $5 a week, until the further order of the court, and the sum of $30 for counsel fee.

From this order the defendant has appealed.

*Mr. T. L. Jeffords* and *Mr. Milton Strasburger* for the appellant:

1. This action abated when the code went into effect. The court below held that it had the power to grant alimony *pendente lite* in this cause because the petition herein was filed prior to the first day of January, 1902. It is contended on behalf of the appellant that the law conferring jurisdiction to pass the order of August 4, 1902, having been repealed, not only the power to pass said order ceased, but the cause itself fell with the law. A law, after it is repealed, is, as regards its operative effect, considered as if it had never existed, except as to matters and transactions passed and closed. Sutherland on Stat. Con., Sec. 162; Am. & Eng.

Encyc. of Law, vol. 23, pp. 500–502; *Bank of Hamilton v. Dudley,* 2 Pet. (U. S.) 492; *Ex parte McCordle,* 7 Wall. (U. S.) 506, at p. 514. It is well settled that if a law conferring jurisdiction is repealed, without any reservation as to pending cases, all such cases fall with the law. *Railroad v. Grant,* 98 U. S. 398, at p. 402; *Gournee v. Patrick Co.,* 137 U. S. 141; *Morey v. Lockhart,* 123 U. S. 56; *Grant v. Grant,* 12 S. C. 29; *Wilson v. Nebraska,* 123 U. S. 286; *Nat. Bank v. Peters,* 144 U. S. 570; *McNulty v. Batty,* 10 How. (U. S.) 72.

2. The power of the court is limited to the granting of permanent alimony. If it be held, however, that the power of the court to proceed with this cause did not cease with the repeal of the law under which it was instituted, it was nevertheless controlled and limited by section 980 of the code in force at the time of the passage of said order. This is the only provision in the code authorizing an order or decree for the payment of alimony in maintenance causes, and does not provide for alimony *pendente lite.* The power to grant alimony *pendente lite* is controlled by section 975 of the code, and by the terms thereof is limited to suits for divorce and cases where application is made to declare a marriage void. The statute should be construed so as to make it effect the purposes for which it was intended. The interpreter, in order to understand the subject-matter and the scope and object of the enactment, must ascertain what was the mischief or defect for which the law had not provided, that is, he must call to his aid all those external or historical facts which are necessary for this purpose, and which led to the enactment. Endlich on the Interpretation of Statutes, Sec. 29. The purpose of the framers of the law in thus limiting the power of the court to the granting of permanent alimony is apparent. Under the law previously in force the practice had arisen of securing an order for alimony *pendente lite* in maintenance causes, and as the only object sought was thereby accomplished, no effort was thereafter made to have the case disposed of on its merits. The files of the Supreme Court of the District of Columbia abound

with cases where alimony *pendente lite* has been granted
and no effort made to secure final decree.   As a result, the
husband has frequently been required to pay alimony for an
indefinite length of time in causes where testimony would
have revealed the fact that no relief was warranted.   The
injustice from this state of affairs was deemed sufficient by
Congress to warrant the limitation which has thus been placed
upon the courts, to the granting of alimony upon final hear-
ing only.   The express provision of the code relating to the
maintenance of the wife, and the obvious necessity for a cor-
rection of the evil and injustice which arose under the said
practice, show conclusively that no power is now vested in the
court with respect to this cause, except such as is contained
within the section above quoted; and all laws previously in
force, including the inherent power of the court under the
common law, are thereby repealed.   Congress not having
authorized the granting of alimony *pendente lite* in causes
for maintenance, but having expressly authorized it in other
causes, and having limited the power of the court to the
awarding of permanent alimony in proceedings for mainte-
nance, it is submitted that the court was without power to
grant the order here complained of.   *Expressio unius est
exclusio alterius.*   See *Lord & Polk* v. *Chemical Co.*, 44
Atl. Rep. 775; 7 Del. Ch. 248.   The general rule that
where a statute, not merely cumulative of the common
law or of previous statutes, and not made to cure the de-
ficiencies thereof, is designed to create a new and independ-
ent system and to dispose of the whole subject of legislation,
it is the only law upon that subject and without an express
repealing clause, displaces the old rule and statutes, has been
almost universally applied to codes and revisions.   23 Am.
& Eng. Encyc. of Law (1st ed.), 487; 46 Ala. 221; 10 Ark.
588; 15 Cal. 294; 1 Dak. Terr. 17; 23 Fla. 620; 75 Ill.
605; 20 Ill. App. 282; 12 Mass. 536; 28 Mo. App. 225;
64 Miss. 534; 31 Neb. 362; 37 N. H. 295; 16 Barb. (N. Y.)
15; 10 Nev. 319; 20 Oreg. 345; 31 Vt. 607; 4 Wash. 422;
22 Wis. 234; 1 Leach C. C. 306.   The implication of re-
peal is equally as strong in the case of the revision of the

common law by statute. *Com.* v. *Dennis,* 105 Mass. 162, citing *Com.* v. *Cooley,* 10 Pick. (Mass.) 37; *Com.* v. *Marshall,* 11 Pick. (Mass.) 350. The principle of annulment or implied appeal applies not only to statute law, but also to common law, the latter being deemed superseded by a statutory revision of the entire subject. Endlich on the Interpretation of Statutes, Sec. 204; *State* v. *Norton,* 23 N. J. L. 33. See also *Columbia Wire Co.* v. *Boyce,* 104 Fed. Rep. 174, and cases cited; *United States* v. *Kelly,* 97 Fed. Rep. 460. A previous statute will be held to be modified by a subsequent one, if the latter was plaintly intended to cover the whole subject embraced by both, and to prescribe the only rules in respect to that subject that are to govern. *Tracy* v. *Tuffly,* 134 U. S. 223; *United States* v. *Tynen,* 11 Wall. (U. S.) 88; *Cook County Nat. Bank* v. *United States,* 107 U. S. 445. See also *Culver* v. *Bank,* 64 Ill. 528; *Devine* v. *Board of Commissioners,* 84 Ill. 590. The alimony referred to in the statute is not an allowance *pendente lite,* but to be given on final decree upon petitions for divorce. Alimony *pendente lite* was accordingly refused. *Sanford* v. *Sanford,* 2 R. I. 64. See also *Shannon* v. *Shannon,* 2 Gray (Mass.), 285. Where it is apparent that a later statute is revisory of the entire matter of an earlier one, and is designed as a substitute therefor, the later statute will prevail, and the earlier one will be held to have been superseded, though there be no inconsistencies or repugnancies between them. *Mack* v. *Jastro,* 58 Pac. Rep. 372; 126 Cal. 130.

3. The court retained no power in this cause by virtue of the saving clause, section 1638 of the code. Construing this section strictly (in accordance with the well-established rules of construction relating to saving clauses), it is difficult to see how the terms thereof can be held to apply to a proceeding for maintenance, which, like a divorce proceeding, is not a civil cause, but a proceeding *sui generis.* In *Strafford* v. *Strafford,* 41 Tex. 111, it was decided that a statute permitting the husband and wife to testify in a civil suit did not apply to suits for divorce. This proceeding can no more

be called a " civil cause" within the meaning of the code
than a proceeding for the same purpose in the ecclesiastical
courts of England could be called a civil cause.    It is a
special proceeding.    By the phrase " suit or proceeding "
all that is meant or intended are the well-known common-law
actions and the various equitable proceedings as understood
in England and in this country, and nothing more.  *Mangles*
v. *Mangles,* 6 Mo. 482; 5 Am. & Eng. Encyc. of Law, and
cases cited; *Burdette* v. *Burdette,* 2 Mackey (1st ed.), 751,
469; *Bergheimer* v. *Bergheimer,* 17 App. D. C. 381; Opin-
ion of Mr. Justice Hagner, in *Dabney* v. *Dabney;* 7 Encyc.
Plead. & Prac. 51; *Whitemore* v. *Hardin,* 3 Utah, 121; *Swan*
v. *Harrison,* 2 Coldw. (Tenn.) 534; *Ewing* v. *Morse,* 24 Ind.
468; *Morse* v. *Morse,* 25 Ind. 156; Nelson on Divorce and
Separation, vol. 1, p. 16, Sec. 15.   This construction has been
placed by Congress, upon proceedings for divorce by its
amendment of June 30, 1902, wherein section 963 is amended
by adding at the end thereof: " *Provided, however,* That all
petitions for divorce pending on the thirty-first day of De-
cember, nineteen hundred and one, may be proceeded with
and disposed of under the provisions of the statutes in force
on said day."    Thus has Congress shown that it did not in-
tend divorce proceedings to be saved by section 1638 of the
code.    This amendment, however, does not alter the situa-
tion with respect to maintenance causes.    It is also to be
noted that the rights expressly reserved by section 1638 of
the code are those arising " under the statutes or parts
thereof " repealed, and it is difficult to see how this section
can be construed to save rights arising not under statutes, but
by virtue of the common law, such as the right to alimony
*pendente lite* in causes of this character.    Before the code
there was no statutory provision for a case in which only ali-
mony was asked, and jurisdiction rested on the general
equity powers of the court.    *Tolman* v. *Tolman,* 1 App. D. C.
299; Bishop on Marriage, Divorce and Separation, Sec. 1383
*et seq.*    The question as to what stage of the proceedings
alimony will be granted, *i. e.,* whether granted during the
pendency of the cause or at the final hearing thereof, is a

matter of practice and procedure not affecting the substantial rights of parties; and the court is therefore controlled by the proviso to the section last above quoted, as follows: "*Provided,* That the provisions of this code relating to procedure or practice and not affecting the substantial rights of parties shall apply to pending suits or proceedings, civil or criminal." This is further evident from the fact that the enforcement thereof by execution or arrest would be of such character. The court, therefore, would have no authority to enforce compliance with the order here sought to be reversed, because section 980 expressly limits the power of the court to the enforcement in maintenance causes of decrees for "permanent" alimony, thereby excluding the idea that the court has power to enforce an order for the payment of alimony *pendente lite.* It is further to be noted that the enforcement of an order for alimony under the provisions of the code is a different matter from the enforcement of such an order under the law previously in force, for the court may now sequestrate property and apply the income to such object. It cannot be successfully contended that the appellee acquired any right to alimony *pendente lite* by the filing of the petition in the cause, for the same contains no prayer for such relief, but seeks merely to secure a decree for permanent alimony; it was not until after the code went into operation that any effort was made to secure an order for alimony *pendente lite,* and then only by the filing of a motion for such an order. If the order in this cause had been passed prior to January first, the claim might have been made with more reason that its enforcement by arrest was a matter of substantial right, but having been passed since said date, and not having been prayed for in the petition, the enforcement thereof is a matter of procedure, as no right thereto had arisen at the time the code went into effect. Alimony, whether in an action for a divorce or a separation, cannot be claimed as a "right." *McDonough* v. *McDonough,* 26 How. Pr. 194.

4. An order for alimony *pendente lite* is a special order which must be specially asked for; and there being no prayer

for such relief in the petition in this cause, the court erred
in passing the order granting the same.    See equity rule 24
of the court below.

5. The court was without authority to require the appel-
lant to pay counsel fees.    The code contains no authority
for the awarding of an order of this character, and no au-
thority is vested in the court of equity by virtue of its in-
herent powers.    *Hazen* v. *Hazen,* 19 Vt. 603; *Shannon* v.
*Shannon,* 2 Gray (Mass.), 285; *Sanford* v. *Sanford,* 2 R. I.
64; *Thayer* v. *Thayer,* 9 R. I. 377; *Harrington* v. *Harring-
ton,* 10 Vt. 505; *Wilson* v. *Wilson,* 2 Dev. & B. (N. C.) 377.
Especially is this true where the petition contains no prayer
for the same.

*Mr. T. J. Mackey* for the appellee.

Mr. Justice MORRIS delivered the opinion of the Court:

In this court a motion was made on behalf of the appellee
to dismiss the appeal on the ground that the order in ques-
tion is not an appealable order.    But the motion was or-
dered to stand over until the final hearing of the appeal on
its merits.    We are of opinion that the motion is not well
founded.

While on the one side it would seem that the allowance
of appeal in such cases by the delay which it necessitates
would  tend  to  frustrate  the  purpose  for  which  alimony
*pendente lite* is allowed, which is to enable a wife deserted by
her husband, and who, in contemplation of the common law,
is ordinarily presumed to have no means of her own subject
to her immediate control, to prosecute her suit to effect and
to be maintained while it is in course of prosecution, yet,
on the other hand, when statutes which authorize appeals
are broad enough in their terms to cover orders for the pay-
ment of alimony *pendente lite,* there would seem to be no
good or sufficient reason to exempt by judicial construction
such orders from the operation of  the statutes, notwith-
standing that proceedings for maintenance might possibly

be classed as *sui generis,* with proceedings for divorce and proceedings for judicial separation.

An order for the payment of alimony *pendente lite,* although merely an incident in all these proceedings, is in effect a final order. It is capable of being enforced by immediate execution, and, although it is revocable and may be rescinded by the court, and, although it may wholly fall by a final decision on the merits of the cause adverse to the petitioner, yet as long as it remains in effect and to the extent to which it has been enforced by payment or execution, it is an absolute finality. Money so paid cannot be recovered back. Unless, therefore, there is a right of appeal in such cases, a class of cases will be judicially established without warrant of law exempted from the operation of the statute, notwithstanding that perhaps in some cases very large sums of money might thus be transferred from one person to another.

In the statute creating this court it is provided that appeals may be taken to this court from any final order, judgment, or decree of the Supreme Court of the District of Columbia, and from all interlocutory orders of that court whereby the possession of property is changed or affected, such as orders for the appointment of receivers, granting injunctions, dissolving writs of attachment, and the like, and from any and all interlocutory orders whatever where it is made to appear to this court that it is in the interest of justice to allow such appeal (act of Congress of February 9, 1893, reproduced in the code as section 226).

As we have said, the order here appealed from, which is collateral to the main proceeding, is undoubtedly a final order. *Alexander* v. *Alexander,* 13 App. D. C. 334. It is, therefore, very plainly within the letter of the law. Is there anything which excludes it from the spirit of the law? We fail to find anything whatever to that effect. Rather is the spirit of the law directly to the contrary, since the evident purpose and provision of the statute is to extend the right of appeal, not only to orders technically final in their character, but to orders even of an interlocutory char-

acter, where no more is contemplated than the temporary disposition of property. If an order is appealable, where the ownership of property is only temporarily affected, as by injunction, receivership, or dissolution of attachment, much more in the policy of the law should the order be appealable which transfers money absolutely and beyond any hope of recovery.

Moreover, it is not to be ignored that the conditions have passed away or have been greatly modified which in former times rendered a deserted wife powerless without the assistance of the court to provide for her own temporary maintenance and for the prosecution of her suit. A married woman deserted by her husband may yet labor under much disability; but, as she is now universally authorized by law to hold and control her own property, and to enjoy the fruits of her own labor, without the interference of her husband, she is not so dependent as she once was in the compulsory process of a court of equity to secure for herself the temporary alleviation of her destitute condition. In the case now before us it actually appears that the petitioner owns property in her own right, which she manages and controls for herself. It may be wholly insufficient for the purpose of maintenance, but the fact that she has such property is sufficient to show the great alteration of condition to which we have referred, and which makes it all the more inexpedient to remove these orders for the payment of alimony *pendente lite* from the category of appealable orders.

It can be added that the great preponderance of judicial authority in our country is in favor of the allowance of appeal from orders for the allowance of alimony *pendente lite.* See *Collins* v. *Collins,* 71 N. Y. 269; *King* v. *King,* 38 Ohio St. 370; *Blake* v. *Blake,* 80 Ill. 523; *Sellers* v. *Sellers,* 141 Ind. 305; *State* v. *Seddon,* 93 Mo. 520; *Glenn* v. *Glenn,* 44 Ark. 46; *Carroll* v. *Carroll,* 48 La. Ann. 835; *Sharon* v. *Sharon,* 67 Cal. 185; *Daniels* v. *Daniels,* 9 Col. 133; *Lake* v. *King,* 16 Nev. 215; *Edgerton* v. *Edgerton,* 42 Mont. 425; *Farber* v. *Farber,* 64 Iowa, 362; *Chappell* v. *Chappell,* 86 Md. 532.

We think, therefore, that the appeal in this case was properly taken, and that the motion to dismiss it should be denied.

2. But when we come to consider the case upon its merits, we fail to see how we can review the order appealed from, unless, indeed, we accede to the justice of the appellant's contention that the court below was wholly without jurisdiction in the premises.

The allowance of alimony *pendente lite* is largely a matter of discretion, although, of course, of judicial discretion, and the determination of the trial court should not be interfered with lightly or without good cause. Especially should it not be interfered with where the allowance is so moderate and reasonable, and so much within the ability of the appellant to pay, as it is in this case, and where the circumstances which justified its allowance are not within the knowledge of this court as they were within the knowledge of the court below.

The application here was made after the testimony in the cause had been taken and filed, and after a previous similar application had been refused. Presumably the present application was based to a greater or less extent upon the testimony. In fact, both parties in their affidavits filed in connection with the application refer to this testimony and to the effect of it in sustaining or disproving the charges and counter-charges of the parties. We may well presume that, if the court below looked into the affidavits, as it purports to have done and as it necessarily did, it looked also into the testimony, which was virtually made part of the affidavits for the purposes of this application by the references thereto in the affidavits themselves. In fact, the refusal of the court to grant the alimony when it was first applied for, and its allowance of it after the testimony was taken, would tend to show very conclusively that the allowance was based upon the testimony.

Now, we have not that testimony before us. It is not made part of this record on the present appeal. It is very plain, therefore, that it would be manifestly improper for

us on this appeal to disturb the order of the court below in awarding an allowance of alimony *pendente lite.*

3. But it is argued on behalf of the appellant that the court below was wholly without jurisdiction in the premises to make any allowance; and it is upon this ground that the argument for the appellant is mainly founded. The contention is that, by the operation of the code of law for this District, which went into effect on and after January 1, 1902, the court of equity was divested of all authority to allow alimony *pendente lite* and counsel fees in suits for maintenance. But we cannot accede to the justice of this contention; and we find no sufficient warrant in law for it.

Among the sections of the code contained in chapter XXII, which relates to the subject of divorce and maintenance, section 975 provides for the allowance of alimony *pendente lite* and counsel fees, in the discretion of the court, during the pendency of suits for divorce under the code. Section 976 provides for permanent alimony. And section 980, which relates to the maintenance of a wife, provides that " whenever any husband shall fail or refuse to maintain his wife and minor children, if any, although able so to do, the court, on application of the wife, may decree that he shall pay her periodically such sums as would be allowed to her as permanent alimony in case of divorce for the maintenance of herself and the minor children committed to her care by the court, and the payment thereof may be enforced in the same manner as directed in regard to such permanent alimony."

It is argued that this section provides, in suits for maintenance, only for permanent alimony, and not for alimony *pendente lite;* that there is no other provision in the code for the allowance of alimony *pendente lite* and counsel fees other than the provisions in regard to divorce, and that the effect of all this is to repeal all previous laws under which alimony *pendente lite* and counsel fees in suits for maintenance were allowed.

But we think that this whole contention was disposed of by the decision of this court in the case of *Tolman* v. *Tol-*

*man,* 1 App. D. C. 299, and that no change in the law has been made by the code to warrant any modification of that decision. In fact, we regard section 980 of the code as the enunciation in legislative and statutory form of the judicial principles of equity announced in the case of *Tolman* v. *Tolman.* The code itself, in its " Repeal Provisions," chapter LX, section 1640, is careful to provide that " nothing in the repealing clause of this code contained shall be held to affect the operation or enforcement in the District of Columbia of the common law, * * * or of the principles of equity or admiralty, * * * " And it is plain that it was the intention of the code to enlarge, rather than to restrict, the jurisdiction of the courts of equity.

In the case of *Tolman* v. *Tolman* it is made plainly apparent that the power of courts of equity in the District of Columbia, and in the State of Maryland, from which the jurisprudence of this District was mainly derived, to grant maintenance to a deserted wife in a suit instituted for that special purpose, and as incident thereto to grant alimony *pendente lite* and counsel fees, is part of the general equity jurisprudence, and not dependent for its existence upon any special statute. It is, therefore, expressly reserved out of the operation of the code by section 1640 referred to, and it would probably have been reserved without any such saving clause.

Section 980 of the code, which is relied on as repealing all previous law in regard to the allowance of alimony *pendente lite,* and which could be held to do so only by implication in any event, is no more than a transcript of the act of Maryland of 1777, chap. 12, sec. 14, wherein it was declared that the chancellor should have power to hear and determine all causes for alimony (or maintenance) in as full and ample manner as such causes could be heard and determined by the laws of England in the ecclesiastical courts there. But in the case of *Tolman* v. *Tolman* it was shown that this act of Maryland was only declaratory of the pre-existing law, and nothing more, and that it did not restrict the jurisdiction of courts of equity to grant mainte-

nance and to allow alimony *pendente lite,* as they had been accustomed to do, as parts of this general jurisprudence. Section 980 of the code was not intended to have any greater effect than the act of Maryland.

We regard the case of *Tolman* v. *Tolman* as decisive of the appellant's contention in the present case.

It follows that the order appealed from should be affirmed, with costs. The cause will be remanded to the Supreme Court of the District of Columbia for further proceedings therein according to law.

And it is so ordered.                              *Affirmed.*