## TILLINGHAST v. TILLINGHAST.

Court of Appeals of District of Columbia.

Submitted February 9, 1928. Decided April 2, 1928.

No. 4623.

**1. Marriage ☞67—Where husband obtained annulment of marriage, wife's subsequent marriage before expiration of time for taking appeal from annulment decree held valid (Code, §§ 981, 983a, 1283, 1285; rule 10, pt. 1, of Court of Appeals).**

Where husband was awarded annulment of marriage, wife's subsequent marriage before expiration of time for taking appeal held valid, in suit to declare marriage valid under Code, § 981, notwithstanding Code, §§ 983a, 1283, and 1285, and rule 10, pt. 1, of Court of Appeals, since provision that annulment decree should not be effective until expiration of time for taking appeal was to protect unsuccessful party, whose right of appeal terminated with her marriage.

**2. Bastards ☞1—Law will not be construed to declare children illegitimate, unless such construction is unavoidable.**

Courts do not look with favor on construction of law which declares children illegitimate, if such construction is avoidable.

**3. Statutes ☞184—Court construing statute will look to purpose, where strict construction leads to injustice.**

Where strict construction of statute leads to injustice, absurdity, and incongruity, court will look to purpose and spirit of statute in declaring its effect.

**4. Statutes ☞190—When unambiguous words in statute produce ambiguous results or manifest injustice, court must give them application reasonably within intent of law.**

Unambiguous words in statute call for no construction, but when they are used to produce ambiguous or uncertain results, manifest injustice, or absurdity not within reasonable contemplation of Legislature, court must, in applying law, give it application reasonably within intent of law.

**5. Marriage ☞67—Wife waived right to appeal from annulment decree by entering another marriage as regards validity of such marriage.**

Where husband obtained annulment of marriage, wife, by contracting another marriage before expiration of time for taking appeal from annulment decree, waived right to appeal as regards validity of second marriage.

Appeal from the Supreme Court of the District of Columbia.

Suit by Louise A. Tillinghast against George S. Tillinghast. Judgment for de-

fendant, and plaintiff appeals. Reversed and remanded.

J. M. Boardman, of Washington, D. C., for appellant.

H. P. Long and J. N. Anderson, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and BLAND, Judge of U. S. Court of Customs Appeals.

BLAND, Acting Associated Justice. Appellant herein filed in the Supreme Court of the District of Columbia a petition in equity, under section 981 of the Code of Law of the District of Columbia, for the affirmance of marriage.

Section 981 is as follows:

"Sec. 981. *Suit to Declare a Marriage Valid.*—When the validity of any alleged marriage shall be denied by either of the parties thereto the other party may institute a suit for affirming the marriage, and upon due proof of the validity thereof it shall be decreed to be valid, and such decree shall be conclusive upon all parties concerned."

The material parts of the petition are as follows:

"That the plaintiff was formerly the wife of one Clement E. Murphy, but that in a proceeding entitled Murphy v. Murphy, Equity No. 42465, in the Supreme Court of the District of Columbia, the said Clement E. Murphy was awarded an annulment of marriage on the ground that the plaintiff herein was matrimonially incapacitated because of physical affliction at the time of marriage; that an interlocutory decree was entered in the said cause on December 11, 1925, and that final decree was entered therein on March 22, 1926; that no appeal was taken by this plaintiff from the said decree.

"That on April 3, 1926, the plaintiff and the defendant, George S. Tillinghast, contracted a ceremonial marriage at Rockville, Maryland; that at the time thereof the facts surrounding the annulment of the former marriage of the plaintiff were fully known by the defendant.

"That to the said parties there has been born one child, Georgia J. Tillinghast, born June 12, 1927.

"That, following their marriage, the defendant refused to provide a home for the plaintiff, but that he maintained marital relations with her and lived with her intermittently until, to wit, December 5, 1926, on which date he permanently abandoned her; that he has taken no interest in the above-mentioned child and has contributed nothing whatsoever towards its support.

"That the defendant now denies the validity of the marriage of the parties hereto, alleging that the said marriage was contracted while the plaintiff had a former husband living, and that the former marriage had not been lawfully dissolved.

"That the defendant is a musician, and is regularly employed at a salary of $67 per week.

"Wherefore the premises considered, the plaintiff prays:

"1. That the United States writ of subpœna issue from this court, requiring the defendant, George S. Tillinghast, to appear herein and answer the exigencies of this petition.

"2. That the marriage of the plaintiff and the defendant be affirmed and declared valid by the decree of this court.

"3. That the plaintiff be awarded, both pendente lite and permanently, a reasonable allowance for the maintenance of the infant child of the parties hereto.

"4. And for such other and further relief as to the court may seem just and proper."

The defendant, Tillinghast, filed a written motion for dismissal of petition, the material portions of which are as follows:

"1. That the allegations in the petition of plaintiff filed herein show on their face that the alleged marriage on April 3, 1926, was void ab initio.

"2. That on April 3, 1926, the plaintiff herein was the legal wife of one Clement E. Murphy, as alleged in said petition, and her attempted marriage on said date is void ab initio, under the provisions of section 1283 of the Code of Law of the District of Columbia.

"3. That the final decree of this court dated March 22, 1926, was not effective to annul the marriage of the plaintiff herein to Clement E. Murphy, until the expiration of the time allowed to take an appeal, under the provisions of section 983a of the Code of Law for the District of Columbia, as amended.

"4. That rule X of the Court of Appeals allows twenty days for taking an appeal from a decree of this court, and the decree of March 22, 1926, was not effective to annul the marriage of the plaintiff herein to the said Murphy, until after April 15, 1926."

Section 983a of the District Code reads:

"Sec. 983a. *When Decree for Annulment or Absolute Divorce Effective.*—No final decree annulling or dissolving a marriage shall be entered until after the expiration of ninety days after the entry of an interlocutory order adjudging that a case for an-

nulment or dissolution has been proved, and every such interlocutory order shall expressly state that no annulment or divorce is awarded by it. After the expiration of such period of ninety days a final decree shall be entered by the court, provided it is applied for within thirty days, but it shall not be effective to annul or dissolve the marriage until the expiration of *the time allowed for taking an appeal,* nor until the final disposition of any appeal taken, and every such final decree shall expressly so recite." (Italics ours.)

"The time allowed for taking an appeal" is not provided for by statute, but is set at 20 days by rule X, part 1, of the Rules of this court. It is conceded by the parties to this case that this rule has the force of law. Murphy v. Gould, 39 App. D. C. 363.

Since the court sustained the motion of defendant and dismissed the petition, the petition contains all the facts in the case, which are therefore undisputed.

[1] Defendant's sole contention is that, under the provisions of section 1283 and section 1285 of the District Code, the marriage of appellant and appellee was void ab initio, under that portion of said sections which declares such marriages void in the event either of the contracting parties has been previously married, which marriage has not been terminated by death or decree of divorce; that the decree of annulment was not in effect upon the date of appellant's marriage to Tillinghast, and would not have been in effect until the expiration of 20 days from the time the final decree was made, on March 22, 1926; and that her position was, on the date of marriage to Tillinghast, identical with what her position would have been if there had been no petition for annulment filed by Murphy.

It is not shown whether appellant and appellee lived together as husband and wife, after the expiration of 20 days, in a jurisdiction which recognizes common-law marriages. The principle that an invalid ceremonial marriage is validated by the parties living together, after the removal of the impediment, in a jurisdiction recognizing common-law marriages, is not presented here.

It is contended by appellant that the obvious purpose of the provision, "shall not be effective to annul or dissolve the marriage until the expiration of the time allowed for taking an appeal," was to prevent the successful party in the annulment suit from marrying before the unsuccessful party had exercised his appellate rights; that the appellant herein was the only person who could appeal, and was therefore the only person for whose benefit the statute was enacted, and that her right to appeal terminated with her marriage to Tillinghast, and, the right to appeal having terminated, her marriage was valid.

[2, 3] Both upon reasoning and authority we think this position should be sustained. In the first place, courts do not look with favor on the construction of a law, if not unavoidable, which declares children illegitimate, and it is well-settled law that, where a strict construction of a statute leads to injustice, absurdity, and incongruity, the court will look to the purpose and the spirit of the statute in declaring its effect. In re Cahn, Belt & Co., 27 App. D. C. 173; Fields v. United States, 27 App. D. C. 433; United States of America v. Day, 27 App. D. C. 458; Moss v. United States, 29 App. D. C. 188; Garrison v. District of Columbia, 30 App. D. C. 515; District of Columbia v. Dewalt, 31 App. D. C. 326.

In the case of In re Cahn, Belt & Co., supra, at page 181, the court quoted with approval from Lewis' Sunderland, Stat. Const. § 633, as follows:

"The intent is the vital part, the essence of the law, and the primary rule of construction is to ascertain and give effect to that intent. 'The intention of the Legislature in enacting a law is the law itself, and must be enforced when ascertained, although it may not be consistent with the strict letter of the statute. Courts will not follow the letter of a statute, when it leads away from the true intent and purpose of the Legislature and to conclusions inconsistent with the general purpose of the act.' "

In Moss v. United States, 29 App. D. C. 188, in holding that the words "any person," used in the statute making it a crime for any person to fail to support a minor child in the District of Columbia, applied only to parents of lawful children, and not to parents of illegitimate ones, the court, at page 195, said:

" * * * It is, undoubtedly, the duty of the court to ascertain the meaning of the Legislature, from the words used in the statute, and the subject-matter to which it relates, and to restrain its operation within narrower limits than its words import, if the court are satisfied that the literal meaning of its language would extend to cases which the Legislature never designed to embrace in it."

[4] Unambiguous words call for no construction, but when unambiguous words are used in such a manner as to produce am-

biguous or uncertain results, or produce a manifest injustice or absurdity, not within the reasonable contemplation of the Legislature, then it is the duty of the court, in applying the law, to give it such application as is reasonably within the intent of the law.

[5] The meaning and purpose of the last-quoted provision of section 983a being to prevent the remarriage of and preserve the status quo of the parties until the losing party may have his or her full legal rights, the law should be satisfied when that result is accomplished. When the former Mrs. Murphy married Mr. Tillinghast she waived her right to appeal. Rariden v. Rariden, 33 Ind. App. 284, 70 N. E. 398, 104 Am. St. Rep. 252; Stebe v. Stebe, 163 Mich. 650, 129 N. W. 356; Branch v. Branch, 30 Colo. 499, 71 P. 632; Butts v. Butts, 152 Ark. 399, 238 S. W. 600. And, as far as the purpose of the statute was concerned, it made no difference whether she was married to Tillinghast 21 days after the decree or within a shorter period of time.

We think, therefore, that the Tillinghast marriage put into effect the decree of annulment in the Murphy Case. The validity of the Tillinghast marriage is not otherwise questioned. It follows, therefore, that appellant, at the time of filing her petition for affirmance, was the lawful wife of appellee, and that the court erred in granting the motion of the defendant to dismiss the petition.

Having assigned this action on the part of the trial court as error, it results in the reversal of the judgment of the court below.

The judgment is reversed, with costs, and the cause is remanded for further proceedings not inconsistent herewith.