MAX EPSTEIN, Plaintiff, *v.* IRENE EPSTEIN, Defendant.

Supreme Court, Special Term, Queens County, August 1, 1947.

*Abraham M. Feinstein* for defendant.

*Aaron Greenspan* for plaintiff.

FROESSEL, J.   Plaintiff husband brought this action for a declaratory judgment decreeing a foreign judgment of divorce invalid, and for miscellaneous other relief.   The defendant wife, in her answer, denied the material allegations of the complaint, and by way of defense and counterclaim, set up the foreign decree of divorce granted in her favor.   She now moves for counsel fees with which to defend the action.

The parties were married in Brooklyn on February 18, 1939, and lived together for about seven years, when the wife instituted a suit for separation in the Supreme Court, Kings County. On February 23, 1946, the parties entered into a separation agreement which, among other things, provided: (a) For the discontinuance of the then pending separation action; (b) for daily visitation by the husband of their child, and (c) " That the wife hereby waives all claim for alimony or counsel fee in any future matrimonial action * * * ", with exceptions not here applicable. Thereafter, the wife went to Florida, allegedly for the health of her daughter. She procured a divorce in that State on September 25, 1946, returned to New York for a brief visit in October, and again went to Florida during that same month. She claims that she has established a permanent residence in that State since May, 1946, and that she now resides at Miami Beach with a new husband, and with the child of the parties to this action, notwithstanding plaintiff's right to daily visitation. The summons and complaint in this action were served on her in New York in July of this year, while on another visit to her parents.

I find no statutory authority empowering the court to allow counsel fees under the circumstances hereinbefore set forth. This action is not brought " to declare the nullity of a void marriage brought in the lifetime of both parties ", as permitted by section 1169 of the Civil Practice Act, where the marriage is between the parties. On the contrary, the validity of their marriage has already been acknowledged by both parties hereto in the separation agreement; by the wife, in suing for its dissolution in Florida; and by the husband, in commencing this action to declare its continued existence. The present action seeks to declare the invalidity of the foreign decree of divorce, as well as the nullity of the marriage of the defendant wife to a third person. Thus, section 1169 of the Civil Practice Act is inapplicable.

Nor can the wife's claim to counsel fees be predicated on section 1169-a of the Civil Practice Act, which authorizes such allowance to a wife " In an action to declare the validity or nullity of a judgment of divorce *rendered against the wife* who was *defendant* in any action outside the state of New York *and did not appear therein where the wife asserts the nullity* of such foreign judgment * * *." (Italics mine.)

In the instant case, the foreign decree was rendered in favor of the wife, not against her; she was the plaintiff, not the defendant; as plaintiff she necessarily appeared therein; she does not

now assert the nullity of the foreign decree, rather she reaffirms its validity, and, indeed, counterclaims for a declaratory judgment: " 2. That the plaintiff is no longer the husband of the defendant herein. 3. That said Florida divorce decree and judgment is valid and subsisting 'and of full force and effect in law, and that the plaintiff is bound thereby." Obviously section 1169-a of the Civil Practice Act does not authorize counsel fees to the wife under these circumstances.

Although the court may make such allowance in an appropriate action to a wife defending the marital status of the parties (*Higgins* v. *Sharp,* 164 N. Y. 4; *Gibson* v. *Gibson,* 266 App. Div. 975; *Kraunz* v. *Kraunz,* 183 Misc. 724), I know of no such power, in the absence of statute, where the wife, as here, is seeking to destroy, rather than sustain, such marital status. She properly asserts that her Florida decree is at least presumptively valid. (*Matter of Holmes,* 291 N. Y. 261.) By her counterclaim she seeks a declaratory judgment making it conclusively so. Certainly, she cannot attack her own Florida decree. Her position throughout is that she is not plaintiff's wife, and yet she seeks a wife's counsel fees. Without statutory authority, she cannot succeed under such circumstances.

Moreover, the separation agreement, which the record indicates was not a part of the record in the Florida action, and which cannot be set aside on motion (*Pye* v. *Pye,* 167 App. Div. 951; *Galusha* v. *Galusha,* 116 N. Y. 635), provides, as hereinbefore quoted, that the defendant wife " waives all claim for * * * counsel fee in any future matrimonial action ". Even assuming, therefore, that this action could be construed as a matrimonial action, by her own agreement she has barred herself from the right to counsel fees.

Under all the circumstances, and in light of the foregoing views, the motion is denied. Submit order.