PEARSON, Judge.
The appellee brought an action in chancery entitled “Petition In The Nature Of A Bill Of Review To Have Divorce Decree Set Aside Because Of Fraud.” The defendant answered and a trial was had on the issues raised. The Chancellor found that the plaintiff had failed to establish fraud or sufficient overreaching of the husband to set aside the decree in the divorce action and denied plaintiff’s petition. The Chancellor further, “upon authority of its equity and its discretionary power”, considered the petition of the plaintiff as a petition to modify the alimony support payments provided in the separation agreement of the parties and approved by the court at the time of the divorce, and “pursuant to provisions set forth in Section 65.15 of the Florida Statutes,” modified said divorce decree by increasing the amount of 'the payments provided therein. The decree is reversed as to that part which modified the divorce therein. An additional question as to the propriety of the Chancellor’s allowance of temporary attorney’s fees and costs is considered and the Chancellor’s power to make such an award is affirmed.
The Chancellor has given a very complete summary of the factual background of the cause in his final decree.
“This cause originally started in another suit filed July 30, 1953 being Chancery No. 161523, wherein the same parties were the litigants. The plaintiff wife in said cause charged the defendant with extreme cruelty and the defendant personally appeared through counsel, and the case was referred to a Special Master, Garland M. Budd, who rendered his report and found the following:
“1. The Court has jurisdiction.
“2. That the defendant husband was guilty of extreme cruelty toward the plaintiff.
“3. That a property settlement contract dated June 30, 1953, and a supplemental contract date July 28, 1953 was entered into between the parties as a property settlement agreement. He found that the contract was clear and equitable.
“The Special Master recommended a final decree of divorce and approved the property settlement contracts. The testimony shows that the plaintiff testified that she was fully aware of the defendant’s financial ability and believed that the provisions contained in said agreement were adequate and ratified and confirmed said agreement at that time. A final decree of divorce was duly entered by this court on August 25, 1953, and duly approved the Special Master’s report and the property settlement agreements dated June 30, 1953, and the addenda to the agreement dated July 28, 1953. The petition in this cause to set aside said decree on the grounds of fraud is hinged on the allegation by the plaintiff that the property settlement agreement was obtained by deliberate fraud, coercion, deceit and overreaching upon the part of the defendant. She charges that the defendant has a financial worth of more than one-half million dollars. She further charges that she is in poor health, 49 years old, and unable to maintain herself. The defendant personally appeared, filed answer to the petition and generally denied the allegations contained therein, * * *.
“The testimony of the plaintiff shows on Page 41 of the transcript that the sole reason she has prosecuted this law suit is because she cannot afford to live the way she is living and she just had to do it. The testimony of the son corroborated said testimony. It shows that the plaintiff had changed *720 her mind, in that she felt she wasn’t getting enough money.”
Upon the basis of these facts the Chancellor found that plaintiff’s petition to set aside the final decree and property settlement agreement should be denied.
The decree next provided
“The court upon authority of its equity and its discretionary power herein considers the petition of the plaintiff as a petition to modify the alimony support payments of $100.00 per month, and pursuant to provisions set forth in Section 65.15 of the Florida Statutes, it is hereby
“Ordered, adjudged and decreed that the final decree entered in Chancery Suit No. 161523 dated August 25, 1953 and recorded in Chancery Order No. 1094 on Page 393, be, and the same is hereby modified, and the defendant is hereby required from the date of the entry of this decree, to pay unto the plaintiff as alimony for her support the sum of $100.00 per week until further order of this court. This court finds that said amount is commensurate with the plaintiff’s needs and the husband’s ability to pay.”
We agree with the Chancellor in everything except his conclusion that he had the jurisdiction to make the orders contained in this second portion of the final decree. A court of equity has wide powers but these powers are limited to the cause before him. It is obvious that a Chancellor can not, because of some inherent power, enter a decree upon disputes which are not based upon pleadings. Nor does Section 65.15, Florida Statutes 1955, F.S.A., presume to confer such general powers. Upon the contrary, the language of the Statute itself imposes the restriction:
“Whenever * * * the circumstances of the parties or the financial ability of the husband shall have been changed since the execution of such agreement, or the rendition of such decree, either party may apply to the circuit court * * * for an order and judgment decreasing or increasing the amount of such separate support, maintenance or alimony, and the court, after giving both parties an opportunity to be heard, and to introduce evidence relevant to the issue, shall make such order * * (Emphasis added.)
In this case the plaintiff-appellee did not apply for an order increasing the amount of alimony. The complaint is based solely upon fraud, duress and coercion and prays only for a finding that the divorce decree is void. Such a complaint cannot be construed as an application for modification of terms of such decree.
The case was tried upon the issue presented by the pleadings. We have carefully read the record and nowhere is the issue of modification raised; therefore the defendant has not had an opportunity to be heard upon such issue. A petition for a modification of an award of alimony is a statutory proceeding and can only proceed upon an allegation of sufficient facts to warrant granting of the relief prayed. Norton v. Norton, 131 Fla. 219, 179 So. 414; Watson v. Watson, Fla.1956, 88 So.2d 133. So much of the decree as attempts to modify or change the decree in the previous divorce action must be reversed.
The appellant’s assignments of error going to the allowance of temporary attorney’s fees, and costs, are not well taken. These assignments are four in number, going to: (1) the court’s order requiring the defendant to pay temporary attorney’s fees of $500; (2) the court’s order requiring the defendant to pay the sum of $300 to plaintiff, representing traveling costs from New York to Miami and Miami to New York for a court hearing held February 17, 1956; (3) the court’s order requiring defendant to pay costs of his oral examination on behalf of plaintiff; and (4) the assessment of costs of the pro *721 ceedings against the defendant in the final decree. The well established rule regarding the assessment of costs incident to the maintenance of a suit in equity as set forth in Akins v. Bethea, 160 Fla. 99, 33 So.2d 638, 640, “It has long been a fundamental rule of equity jurisprudence that in a chancery cause costs should be awarded as the justice of the case may require,” is a sufficient basis for the Chancellor’s ruling upon (3) and (4). No clear abuse of discretion has been made to appear.
The allowances of a temporary attorney’s fee and traveling costs (1) and (2) above were made in an interlocutory Order dated January 31, 19S6. At this stage in the proceeding the cause was at issue upon a complaint and an answer. The gist of the complaint was that the plaintiff was then and there still the wife of the defendant even though a fraudulent divorce had resulted in a voidable decree. The complaint set out that said decree was void because of lack of jurisdiction and that the defendant had by threats and violence forced the plaintiff to allege a jurisdiction that did not exist. The defendant moved to cancel or modify notice of taking oral deposition of the defendant by the plaintiff, whereupon the plaintiff set the cause for hearing before the court. The plaintiff came from her home in New York City. The defendant appeared only by his attorney and was not prepared to proceed. Under these circumstances the court entered its order of January 31, 19S6, by the terms of which the defendant was relieved from the effect of the notice to take his deposition in Miami, Florida, but he was required to appear for said purpose at a .place designated in New York City. A further hearing on the merits was set for February 17, 1956, and the defendant was required to pay the attorney’s fee and travel expenses set out in (1) and (2) above. The allowance was within the discretion of the court. Miller v. Miller, 149 Fla. 722, 7 So.2d 9.
The decree is reversed insofar as it attempts to modify the final decree entered in Chancery Suit No. 161523 in the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, and dated August 20, 1953, and affirmed in all other respects.
Affirmed in part and reversed in part.
CARROLL, CHAS., C. J., and HORTON, J., concur.