**Emilienne GHERARDI de PARATA,**
**Appellant,**

v.

**Blaise GHERARDI de PARATA, Appellee.**

**Blaise GHERARDI de PARATA, Appellant,**

v.

**Emilienne GHERARDI de PARATA,**
**Appellee.**

**Nos. 3282, 3283.**

District of Columbia Court of Appeals.

Argued July 1, 1963.

Decided Aug. 9, 1963.

Rehearing Denied Sept. 5, 1963.

James J. Laughlin, Washington, D. C., for appellant in No. 3282 and appellee in No. 3283.

Marshall E. Miller, Washington, D. C., with whom Sylvan M. Marshall, Washington, D. C., was on the brief, for appellee in No. 3282 and appellant in No. 3283.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

This case is a sequel to Gherardi de Parata v. Gherardi de Parata, D.C.Mun.App., 179 A.2d 723 (1962). In the prior action the wife unsuccessfully attacked the validity of an Alabama divorce decree obtained by the husband. We reversed the trial court and ruled that the Alabama decree was invalid for lack of jurisdiction over the parties. We held that the Alabama pro-

ceeding was tainted with collusion or "perhaps something more unfortunate." When our order was returned to the trial court, the wife renewed her motion for counsel fees which had been expressly reserved. After a hearing and further argument by counsel, the motion was denied on the ground that the court lacked jurisdiction to grant such relief. The wife has appealed and the sole question presented is whether the trial court had the power to award counsel fees in the wife's suit to affirm the marriage and set aside the Alabama decree. Code 1961, 16–422.

Sections 401–422 of Title 16 govern divorce and separation. Section 422, entitled "Suit to determine validity of marriage," provides:

"When the validity of any alleged marriage shall be denied by either of the parties thereto the other party may institute a suit for affirming the marriage, and upon due proof of the validity thereof it shall be decreed to be valid, and such decree shall be conclusive upon all parties concerned."

The husband contends that since the proceeding is purely statutory, the trial court has no inherent power to authorize an award of counsel fees in the absence of an affirmative grant by Congress. The wife argues that she would be entitled to counsel fees in any matrimonial action.

The only statutory section relative to divorce and separation dealing with counsel fees is Section 410 which provides:

"During the pendency of a suit for divorce, or a suit by the husband to declare the marriage null and void,

where the nullity is denied by the wife, the court shall have power to require the husband to pay alimony to the wife for the maintenance of herself and their minor children committed to her care, and suit money, including counsel fees, to enable her to conduct her case, whether she be plaintiff or defendant * * *."

The trial judge ruled that since the case at bar was neither a suit for divorce nor a suit by the husband to declare the marriage null and void, he had no authority to award counsel fees.

Section 422 was originally enacted in 1901 as part of a general bill establishing a code of laws for the District of Columbia. 31 Stat. 1189. Since there is no legislative history surrounding the section, we must apply general principles of law in reaching a decision.[1]

At the outset we are met by the wife's contention that another provision of our Code, 16–415,[2] has been construed to allow such awards though barren of any affirmative grant by Congress. Tracing the history of Section 415, we find that it was based on an act of Maryland of 1777, chapter 12, section 14, which authorized the chancellor to hear and determine causes for alimony (or maintenance) in as full and ample manner as such causes could be heard and determined by the laws of England in the ecclesiastical courts there. Lesh v. Lesh, 21 App.D.C. 475 (1903). Our highest court held that since the act of Maryland was only declaratory of the existing law, it did not restrict the jurisdiction of courts of equity to grant maintenance and alimony pendente lite as had been their cus-

1. There have been only two reported decisions under Section 422; Gardner v. Gardner, 98 U.S.App.D.C. 144, 233 F.2d 23 (1956); Tillinghast v. Tillinghast, 58 App.D.C. 107, 25 F.2d 531 (1928). Neither opinion makes any reference to counsel fees.

2. "Whenever any husband shall fail or refuse to maintain his wife and minor children, if any, although able so to do,

the court, on application of the wife, pendente lite and permanently, may decree that he shall pay her, periodically, such sums as would be allowed to her as pendente lite or permanent alimony in case of divorce for the maintenance of herself and the minor children, if any, committed to her care by the court, and the payment thereof may be enforced in the same manner as directed in regard to the payment of permanent alimony."

tom. Tolman v. Tolman, 1 App.D.C. 299 (1893). Therefore, Section 415 was held similarly not a bar to alimony pendente lite or counsel fees in a suit cognizable in the equity courts based on their general jurisdiction. Lesh v. Lesh, supra. Tracing the history of Section 422 and applying analogous reasoning, we find that several interesting but nondispositive questions are raised.[3]

Significantly, the courts of several states have considered the question raised on this appeal. Indeed, the husband has urged that these state decisions have established a general rule that "[u]nless otherwise provided by statute, the wife may not obtain an allowance for expenses and counsel fees in a suit brought by her to impeach the validity of a decree of divorce."[4] We have examined these decisions and conclude that the courts have been guided as much by their general equity powers as by an adherence to strict statutory construction. Counsel fees are awarded somewhat by hindsight depending upon whether the marriage is upheld or invalidated. If the wife's attack is unsuccessful the award is invariably denied, the view being that the favored status of a "wife" did not surround the proceedings.[5] If the wife's attack is successful and the grounds relied upon are fraud or lack of jurisdiction, the award is invariably granted.[6] These cases take the view that it would be inherently inequitable to force the wife to bear the expense of invalidating a divorce decree obtained by the frauduent acts of the husband.

Applying these precedents to the case at bar, we have strong authority for the proposition that when a wife is successful in setting aside a state divorce decree on the ground of lack of jurisdiction or fraud, she is entitled to counsel fees. We adopt this view and while we feel this ruling disposes of the merits of the wife's claim, we must still decide whether the trial court had the authority under Section 422 to grant counsel fees.

In Higgins v. Sharp,[7] a wife sought alimony and counsel fees in a suit by the husband to annul the marriage. As in the case

3. Section 15 of the Maryland act of 1777 provided: "That the General Court may inquire into, hear and determine, either on indictment, or petition of either of the parties, the validity of any marriage, and may declare any marriage contrary to the table in this Act, or any second marriage, the first subsisting, null and void; * * *." A careful reading would suggest that Section 15 was the predecessor of Section 422. Compare Lesh v. Lesh, supra.

In Harrison v. State, 22 Md. 468 (1864), Section 15 was construed for the first time. It was found declaratory of the Cannon Law by prohibiting marriages between persons related in close degrees of consanguinity and affinity. The Maryland court concluded inter alia that the same rules which prevailed in the ecclesiastical courts in such cases should prevail in cases under Section 15 in the General Court.

Were we to apply the reasoning of Lesh v. Lesh, supra, and Tolman v. Tolman, supra, to Section 422, we would thus look to the practice in the ecclesiastical courts to determine whether counsel fees were awarded in suits to determine the validity of marriages. While authority exists that ecclesiastical courts granted counsel fees in proper cases, Higgins v. Sharp, 164 N.Y. 4, 58 N.E. 9 (1900); cf., DuPont v. DuPont, 7 Terry 280, 46 Del. 280, 83 A.2d 105 (1951), we feel the analogy, worthy of historical note, ends here.

4. 27A C.J.S. Divorce § 219a.

5. Snodgrass v. Snodgrass, 49 Tenn.App. 607, 357 S.W.2d 829 (1961); Mouyois v. Mouyois, 97 So.2d 718 (Fla.Dist.Ct.App. 1957); Summers v. Summers, 212 Ga. 614, 94 S.E.2d 725 (1956); Floyd v. Isbell, 211 Ark. 631, 201 S.W.2d 755 (1947); Tabeling v. Tabeling, 157 Md. 429, 146 A. 389 (1929). Cf., Vasa v. Vasa, 165 Neb. 69, 84 N.W.2d 185 (1957); Epstein v. Epstein, 189 Misc. 978, 73 N.Y.S.2d 499 (1947); Barish v. Barish, 190 Iowa 493, 180 N.W. 724 (1920).

6. Torme v. Torme, 251 Ala. 521, 38 So.2d 497 (1949); Gates v. Gates, 197 Ga. 11, 28 S.E.2d 108 (1943); Moran v. Moran, 281 Ky. 739, 137 S.W.2d 418 (1940). Cf., Littig v. Littig, 229 Wis. 430, 282 N.W. 547 (1938).

7. 164 N.Y. 4, 58 N.E. 9 (1900).

at bar, the husband argued that jurisdiction was purely statutory, and that in the absence of an affirmative statutory grant the court was powerless to make an award. The contention was rejected, the court stating:

"* * * But it does not follow that, because the statute which authorizes and regulates actions to annul a marriage is silent as to alimony or counsel fees, the court is without power to allow either or both in a proper case. * * * The general jurisdiction conferred by the statute to entertain such actions carries with it, by implication, every incidental power necessary for its proper exercise. When a statute gives the court jurisdiction over a class of actions, it is not necessary that all the powers of the court, or all the details of the procedure and practice, should be specially enumerated. For the purpose of administering justice in such cases, the court may resort to general rules of practice, and may make such orders in the case as justice requires, and may exercise such incidental powers as are usual or necessary in such cases. * * * Without such power the rights of the woman, in many cases, could not be adequately protected. * * * When the court was vested with jurisdiction in such cases, the incidental power to guard and protect the rights of the wife which had always been re-

garded as a part of the jurisdiction, necessarily followed and attached, upon the plainest principles of reason and justice. * * *"[8]

These principles are applicable when we view, in their entirety the divorce and separation sections of our Code. We would destroy the equitable nature of these proceedings were we to conclude that the court did not have such powers as are necessary to protect the rights of the wife. To deny the court power to award counsel fees in a suit brought pursuant to Section 422 would be to isolate this particular section from the general statutory scheme. We see no distinction between a suit by the husband to declare the marriage null and void, where the nullity is denied by the wife, and a suit by the wife to affirm the marriage where its validity is denied by the husband. To allow counsel fees in the former but not in the latter type of proceeding would frustrate the statutory scheme and result in a miscarriage of justice. We hold that the trial court had power to award counsel fees in a suit pursuant to Section 422. Since we have ruled this was a proper case to allow an award, the trial court, in the exercise of its sound discretion, will make an appropriate determination.

We find the cross-appeal to be without merit.

Reversed and remanded for proceedings not inconsistent with this opinion.

8. Id., 164 N.Y. at 8-9, 58 N.E. at 10.