## WILSON v. WILSON.

1. **Divorce:** ACTION TO SET ASIDE DECREE: ALIMONY.   In an action to set aside a decree of divorce it is not competent for the court to order the defendant to pay a sum of money to plaintiff to enable her to prosecute the action.

*Appeal from Pottawattamie District Court.*

WEDNESDAY, DECEMBER 4.

THE parties hereto were married in the province of Nova Scotia in the year 1843.   In 1871 a decree of divorce was entered in the court below, at the suit of the defendant herein.   It was charged in the petition for divorce that the plaintiff herein had been guilty of adultery and desertion.   There was no appearance to the petition for divorce by plaintiff, she being at that time a non-resident of this State and a resident of New Brunswick.

On the 26th day of November, 1877, the petition in this action was filed, setting forth that the decree of divorce was obtained by fraud, upon false charges and false testimony, and without actual notice to this plaintiff.

It is prayed that the decree of divorce be set aside for the

Wilson v. Wilson.

fraud of defendant and want of jurisdiction in the court which granted the same. It is also prayed that temporary alimony be granted to enable plaintiff to prosecute her suit, and for her support pending the same.

The defendant, by his answer, denies all the charges of fraud, and relies upon the decree of divorce as valid and binding upon the parties.

A motion was made for temporary alimony, and for an allowance to be made to enable plaintiff to prosecute the suit. The motion is supported as to its merits by the affidavit of the plaintiff, and resisted by the affidavit of the defendant. An order was made requiring the defendant to pay to plaintiff the sum of three hundred dollars, to enable her to prosecute the suit. From this order the defendant appealed. After the submission of the cause to this court the plaintiff died, and on motion Nathan M. Pusey, the administrator of her estate, was substituted as appellee.

*Rising, Wright & Baldwin,* for appellant.

*N. M. Pusey* and *A. V. Larimer,* for appellee.

ROTHROCK, CH. J.—This record presents the question whether, in this proceeding to set aside and vacate a decree of

1. DIVORCE:
action to set
aside decree:
alimony.

divorce, it is within the power of the court to require the defendant to pay to plaintiff a sum of money to enable her to prosecute the action.

The Code, § 2226, authorizes such an order to be made in actions for divorce, and, under section 2233, it is authorized in proceedings to annul illegal marriages. This action is neither an action for divorce nor to annul a marriage. The decree of divorce which it is sought to vacate and set aside is *prima facie* binding upon the parties, and until, upon a hearing, it appears that it should be set aside for fraud or want of jurisdiction, the marriage relation which is essential to support orders of this kind does not appear to exist. "Alimony is a right which results from the marital relation, and the

fact of marriage between the parties must be admitted or proved before there can be a decree for it, even *pendente lite.*" ·*York v. York,* 34 Iowa, 530 ; Bishop on Marriage and Divorce, § 570, and cases cited.

The case of *Whetstone v. Whetstone,* 31 Iowa, 276, relied upon by counsel for appellee, was an action for divorce by the wife against the husband. The answer set up a decree of divorce obtained in another county, at the suit of the husband. The replication averred that said decree was fraudulent. An allowance of one hundred dollars was made, to enable the plaintiff to prosecute her suit. That was an action for divorce. This is an action the primary object of which is to vacate a decree of divorce.

In *Graves v. Graves,* 36 Iowa, 310, also relied upon by appellee, it does not appear that any order for the payment of money was made pending the action, and in *Whitcomb v. Whitcomb,* 46 Iowa, 437, although an order was made for temporary alimony pending the action, the question as to the power of the court to make such order was not presented to nor passed upon by this court.

. It is urged that this order was properly made, because it was shown that there was no jurisdiction of the person of the defendant in the divorce proceeding. It is true it is averred that no personal notice of the action was given, but it .does not appear that service was not made in some other manner, as by publication.

We are not disposed, upon the record here presented, to enter upon a discussion of the effect of service by publication,·nor as to how far the domicile of the parties at the time of the alleged adultery and desertion affects the question of jurisdiction. It will be ample time to present these questions after they have been fully presented in the court below. What we now determine is that there was no authority to order the payment of money to carry on the suit, in the face of a decree of divorce which seems to be valid.

REVERSED.