# Golden v. Golden.

*Bill in Equity to set aside a Decree of Divorce, and for Alimony.*

1. *Cross-assignments of error; when not considered.*—Cross-assignments of error by appellee can not be considered where the appellant has not joined in them, and his consent that appellee may make cross-assignments of error is not endorsed on the transcript, and no where appears in the record. (Code, page 800, Rule 3.)

2. *Bill to set aside decree of divorce and grant alimony; right to main-*

*tain same.*—A wife may maintain a bill to have a decree of divorce in
⋅ favor of her husband set aside, and have alimony granted her, where
she was not notified of the proceedings for divorce, and during the pen-
dency of said suit she was imprisoned at the instigation of her
husband, and kept in duress until he had succeeded in obtaining the
decree, so that she had no opportunity to defend said suit, or to set
up her claim for alimony.

   3. *Pleading; decree of divorce should be set aside before granting
alimony.*—When, upon a bill filed to have set aside a decree of divorce
and to have alimony granted complainant, the court is satisfied from
the proof that the ⁚ complainant is entitled to alimony, the decree of
divorce must first be set aside before alimony can be granted, and
the bill for alimony is considered as an application therefor under
the original bill filed for divorce.

   APPEAL from the Chancery Court of Mobile.

   Heard before the Hon. W. H. TAYLOE.

   The facts of the case are sufficiently stated in the
opinion.

   JOHN R. & C. W. TOMPKINS, for appellants, cited
*Downey v. Downey,* 98 Ala. 373, 13 So Rep. 412.

   B. B. BOONE, *contra.*

   COLEMAN, J.—The appellant Patrick Golden was
divorced from his wife by a decree of the chancery court
of Mobile county rendered upon decree *pro confesso,*
and proof of the averments of the bill. At a subse-
quent term of the court, his wife, Mary Golden, filed the
present bill, seeking to have the decree in favor of
Patrick Golden set aside and annulled, and prayed for
alimony. The chancery court refused to annul the de-
cree. by which the husband was divorced, but granted
alimony. From this decree Patrick Golden, the hus-
band, appealed. The decree of the chancery court
allowing alimony to the wife is assigned as error. Ap-
pellee made a cross-assignment of error. There is but
one transcript and no cross-appeal The appellant has
not joined in the cross-assignment of error, and his con-
sent that appellee may assign cross-errors is not endorsed
on the transcript, and no where appears in the record.
The appellee is not within the rule, and we can not con-
sider her assignments of error.—Code, p. 800, Rule 3.

   In the case of *John Downey v. Sarah Downey,* 98 Ala.
373, after full consideration of the question this court

[Golden v. Golden.]

held : "That when an absolute divorce has been decreed at the suit of the husband, the wife can not afterwards maintain a suit for alimony."

The complainant alleges in her bill, that she was not served with a subpœna in the case of Patrick Golden against Mary Golden, and had no notice of the pendency of that suit until long after the decree of divorce had been granted, that during the pendency of that suit, she was imprisoned at the instigation of her husband and kept in duress until he had succeeded in obtaining the decree, and that she had no opportunity to defend or set up a claim for alimony. We have no doubt of the right of the plaintiff to file the present bill, and upon proper proof obtain relief. In the case of *Dunklin v. Wilson*, 64 Ala. 162, this court, following other adjudications, held that a party was not concluded by a judgment or decree of which he had no notice or knowledge, actual or constructive, but where the proceedings appear on their face to be regular, giving the court jurisdiction of the person, in order to obtain relief in equity, it was necessary "to aver and prove that in fact he was not notified of the proceedings, and that he had a good and meritorious defense. Want of notice or knowledge is not enough. He must go further and show that he has a good defense, and in what that defense consists." Complainant in her bill does not seek a divorce from her husband, neither does she deny as true the facts upon which her husband obtained a decree of divorce, nor refer to the facts therein averred. She does, however, show in her bill a right to alimony, and a decree against her which so long as it remains in force concludes her from asserting that right, and the invalidity of the decree for want of jurisdiction of her person, and her imprisonment at the instigation of her husband, during the pendency of that suit. This is a meritorious defense or claim within the rule. The error of the court under the evidence is not so much in decreeing alimony to the wife, as in granting alimony without first setting aside the decree of divorce.

The court, if satisfied with the proof, should have set aside the decree of divorce, and in this case ordered the present bill to stand as an application for alimony under the original bill of the husband. By consent the evidence taken on the original bill could be used, but if

objected to, evidence must be retaken to sustain the bill for divorce. It would be unsafe and oppressive to allow a husband to obtain a decree of divorce from his wife, without notice to her, or under circumstances brought about by his own acts which deprived her of the opportunity to be heard, and then plead such decree in bar of her claim to alimony. We express no opinon as to the effect of the evidence. The appellant being the husband will pay the cost of appeal.

Reversed and remanded.