## Asher v. Asher.

(Decided May 16, 1933.)

J. M. BICKNELL and J. T. BOWLING for appellant.
S. M. WARD and G. C. WILSON for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming on appeal, and affirming in part and reversing in part on cross-appeal.

At the March term of the Leslie circuit court, 1931, a judgment was entered in an action styled Rose Asher, plaintiff, against John Asher, defendant, granting to the former an absolute divorce and adjudging that defendant pay all costs of the action.

Thereafter, this action in equity was instituted by Rose Asher against John Asher, and in her petition it is alleged that the action in which the judgment was rendered was fraudulently, wrongfully, and without her knowledge and consent filed and prosecuted to judgment by the defendant in the name of plaintiff; that he caused the action to be submitted to the court upon

evidence taken by him or by others at his solicitation, instance, and request, and she asked that the judgment be canceled, set aside, and held for naught.

In a second paragraph, she made all necessary allegations to entitle her to a divorce from defendant on the grounds of cruel and inhuman treatment and further alleged that during the twelve months next before the filing of her action, defendant had been living in adultery with another woman named in the petition. On these grounds she asked for absolute divorce, for the custody of the children born to her and defendant, and for $10,000 alimony and also for judgment for sums alleged to have been lent to defendant.

By answer and counterclaim, defendant denied the allegations of the petition and alleged that plaintiff owed him certain sums for which he prayed judgment, and in an amended answer and counterclaim alleged that in 1922, plaintiff committed adultery and was guilty of such lewd and lascivious conduct as proved her to be unchaste; that he never condoned her offense or cohabited with her after he acquired knowledge of her conduct; and he prayed in the event the former judgment was set aside that he be granted a divorce on the grounds alleged.

After the respective parties had taken proof covering nearly a thousand pages of transcript, the cause was submitted and it was adjudged that the judgment in the former action is and has at all times since its rendition been valid, and in full force and effect; that plaintiff's petition for divorce be dismissed, but that she recover of defendant $1,500 in alimony payable in three installments and that after payment of the last installment she be paid the sum of $30 per month until further orders of the court; that the defendant have the custody of the children; that plaintiff recover nothing on her demand for money alleged to have been lent defendant; and that defendant recover nothing on his claim for money alleged to have been advanced to plaintiff. It was further adjudged that defendant pay the costs of this action, but that plaintiff be allowed nothing to pay her attorneys for prosecuting same because a fee of $100 had been allowed for the attorney alleged to have represented her in the former action.

From so much of the judgment as awards plaintiff

alimony, defendant is prosecuting an appeal, and from so much of the judgment as denied plaintiff other relief asked for in her petition, she is prosecuting a cross-appeal.

As grounds for reversal it is argued by counsel for appellee that the judgment on the former action is void because procured by fraud and that the chancellor was authorized to and should have set it aside and granted appellee a divorce on the proof in this action; that the alimony awarded appellee is inadequate; and that the court erred in not allowing a fee to her attorneys for filing and prosecuting this action.

On behalf of appellant it is argued that the former judgment has at all times been in full force and effect and appellee cannot maintain an action for alimony; that appellee is making a collateral attack upon the judgment; that the evidence as to the character and habits of appellee is such as to show that she is in no event entitled to alimony.

Counsel for appellant cite section 950-1, Kentucky Statutes, in support of argument that no appeal is allowable from a judgment granting a divorce and that such a judgment can be set aside only as provided by section 426 of the Civil Code of Practice. On the other hand, it is argued by counsel for appellee that the Code provisions relating to void judgments apply to judgments in divorce cases as well as to other actions and in support of this argument cite Logsdon v. Logsdon, 204 Ky. 104, 263 S. W. 728, and a number of other cases.

In the Logsdon Case it was held that the judgment for divorce was void because obtained by the husband by false, fraudulent, and perjured statements as to the residence of his wife, making it appear that the court had jurisdiction of defendant when in fact it did not.

Here it is shown that the wife did not institute or prosecute the action for divorce in which the former judgment was rendered, but that the petition was prepared or caused to be prepared by the husband, and all subsequent steps up to and including the preparation and entry of the judgment were taken at his instance and without knowledge upon the part of the wife. However, it does appear that the wife signed the petition, but she claims she did this under threats and duress of her husband and this occurred almost two years before the judgment was entered. It further appears that

while she had some knowledge that the action was instituted and was pending, she had been assured by appellee and by the court that no judgment would be entered without her consent.

Fortunately we are spared from reviewing the evidence introduced to support the grounds for divorce alleged by the respective parties in this action since the conclusions reached render such review unnecessary. It is also unnecessary to determine whether in the circumstances the judgment is void and the action of the chancellor in refusing to set it aside reviewable by this court, since so far as the judgment for divorce is concerned, both parties have the relief they were seeking and nothing would be gained by appellee in having that judgment set aside.

While we are not inclined to disturb the chancellor's finding with respect to the former judgment, we are not impressed with appellant's argument that appellee cannot maintain an action for alimony. If she had instituted the action for divorce and prosecuted it to final judgment granting to her an absolute divorce without asking for or having her right to alimony determined, she would be precluded by the judgment. But no such state of case is presented by the record. It is clearly made to appear that the judgment was procured by fraud and should not have been rendered. Equity will not permit a judgment so procured to be interposed to defeat a just claim of the wife to alimony, and since she could not secure relief by appeal from the judgment granting her a divorce, she is pursuing the only remedy available to her after she discovered the fraud.

There is ample evidence supporting the chancellor's finding that appellee is entitled to alimony and a judgment for a larger sum might have been upheld; however, in view of proof as to ability of appellee to earn money and the other proven facts and circumstances, we cannot say that the amount awarded is inadequate.

In the circumstances we are constrained to hold that the court erred in not allowing a reasonable fee to attorneys for appellee to be taxed as costs; however, the amount asked by her counsel is excessive and it appears that $200 would be a reasonable fee for the necessary services rendered.

Wherefore the judgment is affirmed on appeal, and is affirmed in part and reversed in part on cross-appeal, with directions to enter judgment in conformity with this opinion.