## Moran v. Moran et al.

Feb. 16, 1940.

Steve Wiley and J. D. Via for appellant.

F. B. Martin and Dee L. McNeill for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF—Affirming.

In October, 1937, the appellee, Bertha Moran, filed her petition in equity in the Fulton circuit court seeking a judgment of divorce from the appellant, R. M. Moran. The action was for divorce only and neither alimony nor custody of children was involved. On the 4th day of May, 1938, the case was tried and appellee, plaintiff in that action, was granted a divorce, and soon thereafter appellant married one Maggie Morris.

On the 11th day of August, 1938, appellee filed the present action in which she alleged in substance that during the time she and appellant lived together as husband and wife, appellant became infatuated with the said Maggie Morris whom he later married and became

dissatisfied with appellee and forced her to go with him to the town of Hickman, Ky., to the office of an attorney-at-law, who was attorney for appellant but did not represent her, and caused his said attorney to prepare a separation agreement which purported to settle the property and marital rights existing between appellant and appellee and at the instance and suggestion of her husband and while under his dominion she was forced to sign said contract; that said contract provided that she was to and did receive the sum of $1,000 in full settlement of all her property stated above; that said contract was not fair and reasonable and was inequitable considering the circumstances of both parties at the time; that her husband owned property consisting of lands, monies and other personal property in the value of $25,000 and that she owned no property and had no income or other means of support; that during their married life there were born to her and appellant 14 children, 8 of whom were living—the youngest one being approximately one year old—and that since the marriage of appellant, three of the children had left the home of appellant and his last wife and were residing with her, appellee. She further alleged that at the time she signed the separation agreement and settlement of their property rights, at the instance, request and by coercion, threats and intimidation on the part of appellant, her then husband, she also consented to and did institute the action for divorce and was caused to and did prosecute same to final judgment in her name, and that appellant filed no answer thereto, and that said divorce was procured by fraud, intimidation and coercion on the part of appellant; that said divorce action was filed by her because she was forced to file same and at the time she did not understand the nature, purpose or import of said divorce petition or the contract purporting to settle their property rights and did not have the advice of an attorney or anyone and was under the complete domination of appellant and that the judgment of divorce and the contract purporting to settle their property rights were a fraud upon her marital rights in every particular. She further alleged that soon after the judgment of divorce was entered defendant married said Maggie Morris, the woman with whom he had been keeping company long prior to the time said divorce action was filed, and that since his said marriage to her

he has transferred to her certain real estate and also has withdrawn large sums of money from Kentucky banks and deposited same in certain banks in Tennessee in the name of his last wife for the purpose of preventing plaintiff from collecting any alimony for herself or for the support of their said children. She prayed that the contract purporting to be a separation agreement and settlement of their property rights and the judgment of divorce be vacated and set aside and that she recover alimony of defendant in the sum of $12,500 for her support and maintenance, for custody and control of her said infant children and that appellant be required to contribute to her the sum of $100 per month for the support of said children.

By answer and subsequent pleadings the issues were made and the evidence taken and upon trial of the action the court refused to set aside the judgment of divorce upon the ground that appellant had remarried and the status of the parties changed, but granted all other relief prayed and set aside the contract purporting to be a separation agreement and settlement of the property rights, and adjudged appellee alimony in the sum of $400 per year for 5 years, to be paid in monthly instalments of $33.33 1/3, and further adjudged her the custody of the children and $20 per month for their support, and further allowed appellee's attorneys the sum of $750, same to be taxed as costs, to all of which appellant excepted and prayed an appeal which was granted.

Appellant has abandoned his appeal on all items except the $750 allowance for appellee's attorneys fees and asked that the judgment be reversed in that respect only, on the ground that no attorneys fees should have been allowed to appellee. It is not contended that the sum allowed is excessive.

The evidence was not brought up on this appeal and we have only the pleadings, orders and judgment of the court. In this state of case the presumption is that the evidence was sufficient to support the finding of the chancellor on all issues of fact, provided the pleadings are sufficient to support the judgment. It cannot be denied that the allegations of the petition relating to the manner in which appellant obtained the judgment of divorce stated a cause of action in that respect, as well as the allegations relating to the separation agreement and

settlement of the property rights. It is a settled rule in this and all other jurisdictions, so far as we know, that a judgment of divorce obtained by a fraud on the jurisdiction of the court may be vacated and set aside the same as in any other action, provided, however, the marital status of the parties has not been changed by remarriage or otherwise. Logsdon v. Logsdon, 204 Ky. 104, 263 S. W. 728, and cases therein cited. However, since appellant had remarried after the judgment of divorce was granted and before the institution of this action, the chancellor correctly refused to set aside the judgment of divorce. In the judgment of the chancellor he indicated that the only ground upon which he refused to set aside the judgment of divorce was that because appellant had remarried. Otherwise he would have also annulled the judgment of divorce.

Appellant insists that the court erroneously adjudged that he pay appellee's attorneys fee because the parties were not husband and wife at the time the present action was institutd. To support this position the case of Campbell et al. v. Campbell, 240 Ky. 202, 204, 41 S. W. (2d) 1093, is cited and relied on. In that case the wife sued for divorce and alimony at the same time and in the same action, and was allowed alimony. Thereafter she sought to increase the alimony or modify it at a subsequent term of the court. It was held that the divorced husband was not liable for attorneys fees incurred on the wife's motion asking for the permanent possession of a home, made after the wife was awarded a lump sum of alimony. The facts of that case are not analogous to the facts in the present case.

In the present case the appellee, Bertha Moran, did not sue for alimony in her original divorce action and consequently none was allowed. But it is obvious from the allegations of the petition (presumably supported by the evidence) that she was prevented from suing for alimony because of the contract entered into with her husband purporting to settle their property rights which was in lieu of alimony, but which contract was obtained by fraud, and that contract having been annulled and set aside the status of the parties with respect to alimony is not affected thereby. Although the judgment of divorce cannot be set aside insofar as it affects the marriage status of the parties, yet, for the purpose

of alimony, in the circumstances of this case, we think it should be treated as voidable as well as the purported contract of settlement, and the question of alimony left open for adjudication and determined as though this were an original action for divorce and alimony; or stated differently, as though alimony had been asked in the original action for divorce.

In Asher v. Asher, 249 Ky. 215, 60 S. W. (2d) 592, 593, the facts are substantially analogous to those in the present case. In that case it appears that the husband obtained a divorce from his wife by fraud upon facts similar to those in the present case. Thereafter the wife brought an action seeking to set aside the judgment in the former action, and to recover alimony. Upon trial of the case the court held valid the judgment for divorce in the former action and allowed the wife alimony but refused to allow her any sum to pay her attorneys for prosecuting her case. The husband appealed from the judgment of alimony and the wife cross-appealed on certain other items, including the attorneys fees. On appeal to this court it did not become necessary to determine whether in the circumstances the judgment of divorce in the former action was void, nor to determine the action of the chancellor in refusing to set it aside, since so far as the judgment for divorce is concerned both parties had obtained the relief they were seeking. In the course of the opinion the court said:

"If she had instituted the action for divorce and prosecuted it to final judgment granting to her an absolute divorce without asking for or having her right to alimony determined, she would be precluded by the judgment. But no such state of case is presented by the record. It is clearly made to appear that the judgment was procured by fraud and should not have been rendered. Equity will not permit a judgment so procured to be interposed to defeat a just claim of the wife to alimony, and since she could not secure relief by appeal from the judgment granting her a divorce, she is pursuing the only remedy available to her after she discovered the fraud."

It was held that the lower court erred in not allowing a reasonable fee to attorneys for the wife to be taxed as costs.

In Logsdon v. Logsdon, supra, the equities and justice of such cases are stated in the following language [204 Ky. 104, 263 S. W. 731]:

"Without any involved question of divorce the law is universal, as we again repeat, that no one may reap the fruits of a judgment in his favor which was obtained by the character of fraud here involved; and if he could do so in a case the purpose of which was to destroy his marital relation resulting as it does in the breaking up of a home, then the courts in upholding such a judgment would not only acknowledge the impotence of the law to prevent such far-reaching fraudulent results, but would likewise hold out an incentive for the commission of perjury by a dissatisfied spouse in order to untie himself or herself from his or her mate and extend to such spouse the hand of approval because of the law's inefficiencies, and we do not find the law as so holding."

Appellee attempts to distinguish the Asher and Logsdon cases supra, upon the ground the judgments in those cases were obtained by fraud and treated as though no divorce had been rendered. As we have already stated, the judgment of divorce in the present case should be treated as having been obtained by fraud and therefore voidable insofar as it affects the right of appellee's alimony. But, be that as it may, and conceding arguendo that the judgment of divorce should be treated as valid in all respects, yet, since appellant by his fraudulent acts and conduct prevented appellee from litigating her right to alimony in her action for divorce, the same result obtains. As pointed out in the Logsdon case, supra, he cannot reap the fruits of a judgment in his favor which was obtained by fraud.

It is our view that the present case should be governed by the principles enunciated in the Logsdon and Asher cases, supra.

Wherefore, the judgment is affirmed.