37 So.2d 591

### Ex parte GURGANUS.

### 6 Div. 742.

Supreme Court of Alabama.

Nov. 18, 1948.

Powell & MacLaurin, of Jasper, for petitioner.

Roy Mayhall, of Jasper, for respondent.

**STAKELY, Justice.**

This is an original petition to this court by W. E. Gurganus for mandamus to Hon. Roy Mayhall, Judge of the Circuit Court of Walker County, in Equity, to compel the vacation of a decree providing for temporary alimony in a cause wherein Lathia Gurganus is seeking, among other things, a divorce from W. E. Gurganus. According to the decree W. E. Gurganus is required to pay to Lathia Gurganus the sum of $50 a month and to deliver to Lathia Gurganus the exclusive possession of a certain house and lot in Parrish, Alabama. The cause here has been submitted on the petition for mandamus, the demurrer and answer of Judge Roy Mayhall to the petition, the record in the proceedings for divorce and the testimony taken before Judge Mayhall on the application for alimony pendente lite.

On February 1, 1946, W. E. Gurganus obtained a divorce decree from Lathia Gurganus in Winston County, Alabama. The decree was obtained on service by publication upon affidavit showing that Lathia Gurganus was a nonresident of the State of Alabama and her address unknown. The evidence in the present cause shows without dispute that W. E. Gurganus was never a resident of Winston County and that he did at all times reside in Walker County, Alabama; that Lathia Gurganus was at all times a resident of Walker County, Alabama, and never out of the State of Alabama for more than a period of a few days when she visited a relative in Virginia with the knowledge and consent of her husband who furnished money for her transportation. The evidence in the present proceeding shows that the witness who testified for W. E. Gurganus in the proceedings in Winston County did not in fact give the testimony as shown by the deposition in that case. The undisputed evidence in the present case shows that the divorce decree in Winston County was obtained without notice to Lathia Gurganus and without her knowledge and that the testimony on which the alleged divorce decree was obtained was false.

The bill filed by Lathia Gurganus in the present cause in the Circuit Court of Walker County, in Equity, is in the nature of a bill of review to set aside the Winston County divorce decree. The present bill also seeks a divorce by Lathia Gurganus from W. E. Gurganus on the ground of voluntary abandonment and among other things prays for alimony pendente lite. In the decree awarding alimony pendente lite, in referring to the Winston County divorce decree, the court said: "It is the further decree of the Court that the divorce obtained by the defendant in the Circuit Court of Winston County, Alabama is void, as jurisdiction of the respondent in that case was never acquired, she having been at all times a resident of Walker County, Alabama, which fact was known to W. E. Gurganus at the time said bill for divorce was filed. The Court does not render a final decree holding said decree void, but does decree that said divorce is void so far as decreeing temporary alimony to the complainant in this case."

We do not consider that the petitioner is entitled to mandamus and we shall undertake to give our views on the various questions presented by the petition for mandamus.

[■] I. The petitioner questions the right of the court to hear the matter orally before the court contending that the matter of allowance for temporary alimony pendente lite should first be referred to the register to ascertain the facts through a reference. There is no merit in this contention. The court has the inher-

ent power to hear evidence in all proceedings in the equity court. Often matters, not involving the principal equities involved, are referred to the register for a reference but this is for the convenience of the court and in order to facilitate the progress of the cause but not because the court has no right to hear the evidence. Mahone v. Williams, 39 Ala. 202, 225. Equity Rule 56, Code 1940, Tit. 7 Appendix, provides as follows: "In all cases in equity the judge before whom the case is pending may at any time before final decree order that any or all of the witnesses shall be examined orally before him in open court or in chambers. * * *"

II. It is quite true that marriage is the essential foundation of allowances of alimony and suit money and the existence of that relation must be proved if not admitted. Where the relation of marriage is denied the measure of proof of the relationship in order to justify the awarding of alimony pendente lite is not required to be so conclusive as is requisite to establishing the fact of marriage on the main trial. It is ordinarily sufficient to support such award if the wife establish marriage by proof prima facie sufficient to show the existence of the relationship. Ex parte Jones, 172 Ala. 186, 55 So. 491. The petitioner in this case failed to testify or to produce any evidence that contradicts the findings of the court. The proof and the findings of the court have been set out. Obviously if the Winston County decree of divorce is void there is a marriage relationship between W. E. Gurganus and Lathia Gurganus. We so interpret the decree of the court for the purpose of the award of alimony pendente lite. It would be intolerable for an equity court to defeat a claim of alimony pendente lite in the face of a fraud of this kind. "It would be unsafe and oppressive to allow a husband to obtain a decree of divorce from his wife without notice to her, or under circumstances brought about by his own acts, which deprived her of the opportunity to be heard, and then plead such decree in bar of her claim to alimony." Golden v. Golden, 102 Ala. 353, 14 So. 638, 639.

See also Ex parte Smith, 34 Ala. 455; Ex parte McLendon, 239 Ala. 564, 195 So. 733; Hooke v. Hooke, 247 Ala. 450, 25 So. 2d 33. We think the proof of the marriage relationship was sufficient to sustain the award.

III. "Pending a suit for divorce, the court may make an allowance for the support of the wife out of the estate of the husband, suitable to his estate and the condition in life of the parties for a period of time not longer than necessary for the prosecution of her bill for divorce." § 30, Tit. 34, Code of 1940.

In the present case the court not only made a money allowance but gave Lathia Gurganus the right to occupy the house and lot which she and petitioner had occupied for many years as a home. The evidence in this case tends to show that W. E. Gurganus left Lathia Gurganus at the time they were occupying the house and lot as a home. She supported herself by renting out the rooms and taking in boarders. While she was on a trip to Birmingham to visit her daughter, W. E. Gurganus returned to the house and locked it up so that she could not re-enter it. Lathia Gurganus has no income and no place to live.

We see no reason why in a proper case and in the exercise of a sound discretion the court may not award the use of the home and the household goods to the wife as part of temporary alimony. There can be no doubt that the court could award the income such as the rent of the home in a proper case. If the rent from the home could be awarded then surely the temporary use of the home can be awarded. Lloyd v. Lloyd, 183 Ga. 751, 189 S.E. 903; 27 C.J.S., Divorce, § 205, pages 889, 890. The decree is not deficient for failure to fix a definite time during which temporary alimony shall continue. The decree will, of course, be effective only until all matters can be determined by final decree and all equities then adjusted between the parties. Ex parte Bragg, 241 Ala. 214, 2 So.2d 393. Besides the decree is subject to change by the court for good cause shown. Ford v. Ford, 201 Ala. 519, 78 So. 873.

IV. In a suit for divorce brought by the wife in order to entitle her to alimony pendente lite a prima facie case

365

must be shown in her behalf. Furthermore the allowance of alimony pendente lite is not a matter of right but is within the sound discretion of the trial court. Ex parte Phillips, 247 Ala. 94, 22 So.2d 611; Ex parte Austin, 245 Ala. 22, 15 So.2d 710. Furthermore it is generally held that where a wife is guilty of marital misconduct she is not entitled to alimony pendente lite. Ex parte Phillips, supra.

We have examined the pleadings in the suit instituted by Lathia Gurganus against W. E. Gurganus and have carefully considered the evidence introduced on her petition for alimony pendente lite. The witnesses testified orally before the court and the court found that Lathia Gurganus is entitled to alimony pendente lite and that she was not precluded by the evidence then before the court as to her alleged marital misconduct so as to prevent an allowance of alimony pendente lite to be made to her. We have often said that in a situation of this kind we will uphold the decree of the lower court unless it is palpably wrong. In this instance we are unwilling to disturb its findings. Sills v. Sills, 246 Ala. 165, 19 So.2d 521.

V. According to the bill of complaint, W. E. Gurganus is alleged to be the owner of a certain house and lot in Parrish, Alabama, which W. E. Gurganus and Lathia Gurganus occupied as a homestead. It is further alleged that after W. E. Gurganus voluntarily abandoned Lathia Gurganus she continued to live upon the above described property and that her possession of the property continued until about December 28, 1947, at which time W. E. Gurganus forcibly and unlawfully entered upon the property and took possession of the same from Lathia Gurganus. It is further alleged that Lathia Gurganus has no place of her own in which to live and that she should be placed back in possession of the property pending a hearing to determine her right of occupancy and upon a final hearing the right, title and interest of W. E. Gurganus should be divested from him and invested in her, as part of the alimony due by him to her.

W. E. Gurganus filed a plea in abatement to the bill in equity setting up in substance that there was pending in the Circuit Court of Walker County a suit brought by Lathia Gurganus against W. E. Gurganus and Virvie Blackstone for the possession of the identical house and lot in Parrish, Alabama, that W. E. Gurganus and Virvie Blackstone filed a petition stating they desired to contest the title to the property and asked that the cause be transferred to the circuit court and that upon filing of the petition the court transferred the cause to the Circuit Court of Walker County and that by reason of the pendency of such suit the proceedings in equity should abate. Among other things it is sufficient to say that the causes of action are not identical. In the case of Williams et al. v. Gaston et al., 148 Ala. 214, 42 So. 552, this court said:

"The principle upon which such a plea is allowed and sustained is that the later action is deemed unnecessary and vexatious. And, clearly, in order to hold the subsequent suit to be unnecessary, it is an essential prerequisite that the judgment in the former or prior action should be conclusive between the parties and operate as a bar to the second. * * * It is not enough to sustain the plea that the same land is involved in both actions. It must be for the same injury, and the same matters must be in issue that were in issue and might have been tried in the first action; otherwise, the causes of action are not identical."

In her bill in equity Lathia Gurganus is seeking the use and possession of the home as part of her alimony allowance, an award which grows out of a husband's duty to his needy wife. It is so obvious that the justice of such a claim cognizable only in a court of equity is so different from the issues which would be determined in a suit for unlawful detainer or ejectment in a court of law, that further discussion is unnecessary. Abrams v. Watson et al., 59 Ala. 524. The court was correct in refusing to consider the plea as setting up proper matter in abatement of the equity suit.

The writ of mandamus must be denied.

Writ denied.

BROWN, FOSTER, LAWSON and SIMPSON, JJ., concur.