38 So.2d 497

**TORME v. TORME.**

6 Div. 804.

Supreme Court of Alabama.

Jan. 20, 1949.

A. Leo Oberdorfer and C. H. Peay, both of Birmingham, for appellant.

Chas. M. Hewitt and Burgin Hawkins, both of Birmingham, for appellee.

FOSTER, Justice.

The question on this appeal is whether appellant is entitled to solicitor's fees in prosecuting a bill of review against her husband, in which she was successful in having vacated a decree of divorce granted to her husband for fraud in its procurement.

The litigation began on December 7, 1944, by appellant suing her husband, without the aid of a guardian or next friend, praying for a divorce from bed and board, or legal separation, the custody of three children, and for an allowance for her maintenance and that of the children.

The decree of the court in that cause, dated March 14, 1945, did not act on the prayer for divorce from bed and board, or legal separation, but awarded her the custody of the children, provided for the payment to her of $200 a month for the maintenance of herself and the children, and $100 for solicitor's fees. This was later modified so as to require in addition that he furnish the dwelling house not to exceed $60 a month in cost to him.

The evidence shows that on August 28, 1946, appellant was admitted to the Bryce Hospital at Tuscaloosa, when she was shown to be permanently and incurably insane afflicted with dementia praecox of the paranoid type.

On March 11, 1947, respondent filed a bill in the same court of equity against appellant, seeking a divorce on the ground of adultery. Summons was served on her by the sheriff of Jefferson County. At that time she was on furlough from Bryce Hospital, but was readmitted May 26, 1947. During all that time she was still incurably insane, of which respondent was aware, and obtained a divorce on April 16, 1947.

On October 31, 1947, the instant bill of review was filed by appellant in the same court seeking to vacate the decree of divorce dated April 16, 1947, on the ground of fraud in its procurement. In that bill appellant prayed for a cancellation of the decree of April 16, 1947, and for the award of a solicitor's fee for services rendered her in the procurement of the bill of review, and for an award for her support and maintenance since the decree of divorce was procured.

This proceeding came on for final hearing on demurrers and on proof. The demurrer to that aspect of the bill which seeks a solicitor's fee was overruled, and sustained as to that aspect which seeks alimony for complainant; and then upon

expression of a change of views denied the allowance for a solicitor's fee, and granted allowance for maintenance to her as previously ' decreed, and set aside and cancelled the divorce decree of April 16, 1947. This appeal by complainant attacks the decree only in respect to the solicitor's fee.

So that the only question is whether the wife, as complainant, seeking to vacate a divorce decree for fraud, and successful in doing so, is entitled to an attorney's fee as well as maintenance on the basis of the decree of March 14, 1945, as modified, which is declared to be in full force and effect. The decree of the trial court expressed the following views to justify it:

"The solicitors for the complainant in this cause rendered excellent services to the complainant in the preparation and trial of this cause. The wrongdoing of the respondent, presumably made it necessary that counsel be secured for and on behalf of Mrs. Torme to set aside his decree of divorce. At the time they were employed, however, and at the time when the work was done, Mrs. Torme was not the wife of Mr. Torme, the decree being voidable merely. Even though Mrs. Torme may suffer by the wrongdoing of her husband, it appears to be the law in Alabama and the weight of authority in other states that the relationship of husband and wife must exist before attorney's fees can be awarded to her as against her husband. The court is, therefore, of the opinion now that the demurrer should have been sustained, with respect to attorney's fees.

"The bill, among other things, prays for an award of alimony since the final decree of divorce in favor of the husband and for alimony and support of the complainant in the future. From aught appearing, the decree of this court rendered on March 14, 1945, awarding separate maintenance to complainant will be adequate and binding upon the respondent herein, upon the setting aside of his decree of divorce of April 16, 1947. It appears to be the law in cases of this character that when a decree is set aside on grounds of fraud that the court has the right and duty to put the parties in statu quo if the decree has been executed or if either of the parties has been...... prejudiced thereby.

"The court is, therefore, of the opinion that the husband's decree of divorce of April 16, 1947 should be set aside without prejudice to the rights of either of the parties, and that they be restored to the position occupied by them immediately prior to the rendition of said decree."

▉▉ As we have observed, the decree of March 14, 1945, making allowance to appellant for her maintenance and that of the children and her solicitor's fee in that case did not grant a divorce from bed and board or legal separation, but only made such allowance. The right to such relief is therefore not controlled by sections 36 and 37, Title 34, Code, or other statute. Ex parte Hale, 246 Ala. 40, 18 So.2d 713. The allowance for a solicitor's fee is but an integral part of the allowance for maintenance. Ex parte Austin, 245 Ala. 22, 15 So.2d 710.

▉ When not controlled by statute, sections 30, 36 and 37, Title 34, Code, an allowance for expenses of defending or prosecuting the suit exists in all cases in which it was allowed at common law, and as to which the statute is silent. Ex parte Smith, 34 Ala. 455. It was not a matter of absolute right in maintenance suits, even when section 7417, Code of 1923, section 30, Title 34, supra, so required in a divorce case, but rested in the sound discretion of the court Ex parte Dunlap, 209 Ala. 453, 96 So. 441, as is so now in divorce cases by section 30, Title 34, Code.

▉▉ The theory seems to be that maintenance, of which solicitors' fees are a part, can be decreed only while the relation of husband and wife continues. And after a divorce decree, which is not void on collateral attack, the relation is dissolved until that decree is vacated by proper proceeding.

In Wilson v. Wilson, 49 Iowa 544, the court refused to order the defendant to pay a sum of money to plaintiff to enable her to prosecute a suit to set aside a divorce decree alleged to have been fraudulently procured. There the suit to vacate the decree of divorce had not terminated, and the decree of divorce was valid on its face.

Until that decree was vacated, they were not man and wife, whose existence is the basis of the claim.

The same status in material respects existed in Hazard v. Hazard, 197 Ill.App. 612; Lake v. Lake, 194 N.Y. 179, 185, 87 N.E. 87, and Gates v. Gates, 197 Ga. 11, 28 S.E. 108.

In the case of Tabeling v. Tabeling, 157 Md. 429, 146 A. 389, 392, a divorced wife was unsuccessful on appeal in her petition to have the decree annulled, the court observed: "When the petition * * * was filed the appellee was not the wife of appellant, and as alimony pendente lite and counsel fees are allowable only to a wife, because of the relationship of husband and wife, one who is not a wife is not entitled to such allowances. 19 C. J. 228; Corder v. Speake, 37 Or. 105, 51 P. 647; Wilson v. Wilson, 49 Iowa 544; Lake v. Lake, 194 N.Y. 179, 87 N.E. 87; Carter v. Carter, 156 Md. 500, 144 A. 490, 493. If the petition of appellee had succeeded, our decision would have been otherwise, as it would then have been allowable on the theory that the decree of divorce had been void and that notwithstanding it had been passed, the appellant and appellee were still husband and wife." The use of the word void therefore evidently means after it is so decreed.

This quotation is approved in Staub v. Staub, 170 Md. 202, 183 A. 605, 609. The courts of Kentucky have reached the same conclusion, and held that when it is shown that the decree of divorce was procured by fraud, "equity will not permit a judgment so procured to be interposed to defeat a just claim of the wife to alimony," in which a solicitor's fee was also taxed and allowed. Asher v. Asher, 249 Ky. 215, 60 S.W.2d 592, 593. This is quoted in Moran v. Moran, 281 Ky. 739, 137 S.W. 2d 418. That opinion also quoted from Logsdon v. Logsdon, 204 Ky. 104, 263 S.W. 728, 731: "Without any involved question of divorce the law is universal, as we again repeat, that no one may reap the fruits of a judgment in his favor which was obtained by the character of fraud here involved".

When the fraudulent decree has been set aside, it reestablishes the relation as if that decree had not been rendered in so far as here material. The court can then decree their rights as between themselves as though they had remained husband and wife, and not affected by the fraudulent decree. Ex parte Gurganus, ante, p. 361, 37 So.2d 591; Golden v. Golden, 102 Ala. 353, 14 So. 638.

In other applications of the principle, we have held that when a decree is vacated by bill in the nature of a bill of review, all claims of the parties which arose out of that decree are vacated, and this applies to persons holding under the parties. Vaughn v. Brue, 245 Ala. 107, 16 So.2d 17, 150 A.L.R. 668; Marks v. Cowles, 61 Ala. 299.

The assignments of error refer to the alleged ruling of the court sustaining the demurrer to that aspect of the bill which seeks such fee, whereas the decree overruled the demurrer to that aspect. But the decree notes a change of view in that respect after the ruling was made, and upon the basis of that change of view denied relief as to the solicitor's fee, and that denial is made the eleventh ground of the assignments of error. It is necessary to reverse the decree only in respect to that feature of it denying such relief, and affirm it in other respects.

Affirmed in part, reversed in part and remanded with authority to proceed to the allowance of a solicitor's fee for prosecuting this suit in the circuit court and on appeal in this Court.

Affirmed in part, reversed in part, and remanded.

BROWN, LAWSON and STAKELY, JJ., concur.