39 So.2d 230

### SMITH v. SMITH.

### 7 Div. 959.

Supreme Court of Alabama.

Feb. 24, 1949.

J. D. Millican, of Gadsden, for appellant.

Roy D. McCord, of Gadsden, for appellee.

**BROWN, Justice.**

This appeal is from an interlocutory decree overruling the defendant's demurrer to the bill filed by the wife seeking divorce on statutory grounds that the defendant had committed actual violence upon the person of the complainant attended with dangers to her life or health or from his conduct there was reasonable apprehension of such violence. The bill seeks the custody of the three minor children born of the marriage, a boy age 14, two girls, one 12 and the other 8 years of age.

As a basis for alimony pendente lite and permanent the bill avers that the complainant has no money and does not own a separate estate of her own out of which to derive an income to support herself and children and to pay the solicitor of her choice for his services rendered in this cause, but the respondent is a strong and able-bodied man, gainfully employed by Kahn Mills in Attalla, Alabama, earning approximately $200.00 per month and able to properly support complainant and said minor children and to pay the solicitor of her choice for services rendered in this cause. The bill also avers that the parties to this suit jointly own a four room frame house and a lot located on Gadsden Route No. 3 in which the complainant now resides and complainant avers that in equity she is entitled to the full ownership of said house and lot as a home for herself and said children.

The bill prays for a divorce a vinculo; for a reference to the register to ascertain reasonable allowance for support of complainant and said minor children pendente lite and for solicitor's fee for the prosecution of this suit. The bill further prays:

"Complainant further prays that your Honor shall forewith make and enter an order, judgment or decree, giving to the complainant the permanent care and custody of the minor children named hereinbefore, and also support for herself and said minor children, in such sums as your Honor may find fit and proper, and

"Complainant further prays the Court to declare her the full owner of the property hereinbefore mentioned, and in which property the complainant now resides, * * *" and for general relief.

The defendant demurred to the bill, the demurrer being addressed: "Comes now the Respondent in the above styled cause and demurs separately and severally to each of the paragraphs of the Original Bill of Complaint filed therein, and also to the said Bill as a whole, and for grounds thereof, alleges as follows, viz: * * *." The demurrer challenges the sufficiency of the bill, in short, for a misjoinder of causes of action, multifariousness, in that the bill does not allege the age of the complainant or the respondent, that the complainant, as alleged in the complaint, "is seeking and praying a decree of this court decreeing to her individually, title in and to a part of the real estate of the estate of respondent," and on sundry other grounds. The demurrer was overruled.

The demurrer, as addressed, we have repeatedly held is to the bill as a whole. Smith-Howard Gin Co. et al. v. Ogletree, Ala.Sup., 37 So.2d 507. It is settled that when a bill is sufficient in its allegations of fact to make a case for equitable relief and contains a proper prayer, it is not demurrable because it prays for unwarranted relief. The bill is not multifarious. Smith-Howard Gin Co. et al. v. Ogletree, supra.

It is also settled that the court in a proceeding for divorce may decree to the wife as a part of alimony the use and occupancy or the rents of real property for her support and maintenance. Ex parte Gurganus, Ala.Sup., 37 So.2d 591;[1] Sills v. Sills, 246 Ala. 165, 19 So. 2d 521. The statute authorizing the court to grant an allowance "out of the estate of the husband", "is more strictly an arrangement in lieu of a division of the estate of the parties," an allowance "passing in absolute right as a permanent provision of her support." Smith v. Smith, 45 Ala. 264; Epps v. Epps, 218 Ala. 667, 120 So. 150, Code of 1940, Tit. 34, §§ 31 and 32.

The decree is free from error.

Affirmed.

LIVINGSTON, SIMPSON and STAKELY, JJ., concur.

BROWN, SIMPSON, and STAKELY, JJ., concur.

[1] Ante, p. 361.