54 So.2d 592

### DODD v. DODD.
### 8 Div. 589.

Supreme Court of Alabama.

Oct. 18, 1951.

J. W. Brown, Boaz, for appellant.

Mack Killcrease, Albertville, for appellee.

BROWN, Justice.

This appeal is by John H. Dodd from the decree of divorce entered on April 4, 1950, granting Jewell Dodd on her cross-bill a divorce *a vinculo matrimonii* from him and awarding to her his undivided interest and title to the homestead of the parties embracing one acre of land in Marshall County, Alabama, conveyed jointly to them by deed executed by L. M. Garrett and wife on December 12, 1929, of which she has been in possession through herself and tenants since his abandonment of her and which, as the evidence shows, rents for thirty dollars per month.

The case was submitted here May 15, 1951, on an abbreviated record as to which appellant in brief states:

"Appellant and appellee and others as tenants then occupying the property of the appellant and appellee became involved in a suit or proceedings which had begun in Circuit Court on the law side of the docket and on motion of the defendant (Jewell

Dodd) had the litigation transferred to the equity docket and on the 15th day of January, 1938, appellee herein, as Complainant filed an amended complaint in said cause.

"On the 13th day of August, 1942, appellant and his mother and-brothers filed a Bill of Complaint on the equity side of the docket to sell the real estate for sale and division amongst the alleged joint owners and for a divorce from the appellee herein.

"On the 18th day of October, 1948, Jewell Dodd, filed and amended answer and cross-bill to the Original bill of complaint filed by John H. Dodd et al., August 13th, 1942.

"Anwer to said amended cross-bill and answer (was) filed November 20th, 1948.

"By agreement of parties John H. Dodd and Jewell Dodd, the cause of action was to proceed in their names and all other parties to the proceedings were to be stricken. It seems the record in this cause does not show any agreement in writing to this effect, but that is what happened after the causes were consolidated."

This statement was not contradicted by the appellee nor was motion made to dismiss the appeal. In these circumstances the statement, under Rule 10, Supreme Court Practice, Code of 1940, Tit. 7, Appendix, p. 1008, will be taken as true. Bankson v. Accident & Casualty Co. v. Winterthur, Switzerland, 244 Ala. 371, 13 So.2d 398.

The appellant in his argument in brief states:

"Appellant has assigned six grounds of error of assignments in this cause to the decree rendered in the lower Court. We shall attempt to call the Court's attention to these assignments all together and not argue them separately, since the decree rendered has reference to divorce proceedings and the division of real property.

*"We have no fight to that part of the decree granting the parties a divorce and the right to again contract marriage."*

The italicized statement in brief constitutes a waiver of assignments of error 1 and 4(1).

Assignment of error 2 as to the conclusion of fact stated in the decree, "that the house was paid for out of respondent's funds", in the light of the pleadings and the evidence, if error, was not material to the soundness of the decree for reasons now stated. After careful consideration of the evidence in the case, all of which was taken by deposition, we are in agreement with the conclusions stated in the decree that the testimony offered by the appellant (the complainant) is "inconclusive". The great weight of the evidence induces the conclusion that the complainant voluntarily abandoned his wife without just cause or excuse,—"walked out on her"—in the year 1937, on the pretense of looking for a job, saying he was going to Tennessee or Georgia to find work. His wife, the cross-complainant, never thereafter heard from him except through a letter written to his aunt from California, whom he addressed: *"My* dear Aunt Margie", in which he stated: "* * * Have been thinking of you since I came back in the Army, and I hope this finds you well. I am still having some trouble with my left ear (the one the Dr. injured during my physical) but I am not letting it worry me, as Uncle Sam has to take care of all my ills from now on.

"I like the government fine, and dont work hard at all, mostly paper work as I am on the inspection line for Autos and Trucks. * * * Well Aunt Margie I would not be surprised if I am not married again soon, the young widow has a 3 year old son, and will be a good mother for May Ann, that I am sure, as I know I can be a good Daddy to her son and a true Hubby to her too, She lost her husband in the last war. With the Army set up and my rating I can provide a nice home for them all. When I get a furlough I will go to *Reuno* and bring Boby back to California. * * *."

*"May Ann,"* referred to in the letter, as the evidence goes to show is his baby daughter whose picture was enclosed in the letter to his aunt. The parties to the marriage here involved had no children.

The evidence further shows that the cross-complainant remained in and around Guntersville, worked in the cotton mills, and as a beautician, looked after the property, paid the taxes, made repairs on the house out of rents and her earnings and paid considerable sums on the indebtedness contracted by her and her husband, the complainant, in its purchase. The evidence further shows that the payments made by the complainant on the property were obtained as loans from his mother who lived in the house with complainant and his wife and cross-complainant's testimony goes to show that she worked as a teacher in the schools, in the cotton mills and beauty shops to support the family. She always reserved a room in the house for her use after complainant left where she kept some of her personal effects. The mother of the complainant was the widow of John H. Dodd, Sr. After the death of Mr. Dodd, Sr. the estate was settled and the indebtedness that complainant had contracted through loans from his mother was released to complainant and his wife as advancements in lieu of his interest in his father's estate.

The allegations of the cross bill and the evidence in support thereof were sufficient to raise a presumption that any payments made by the complainant in the purchase of the property were made for the common benefit of the joint owners as community property. Swendick v. Swendick, 221 Ala. 337, 128 So. 593.

The evidence shows that the complainant has joined the Army of the United States, has a good position as top sergeant and intends to follow the army life as a profession, as stated in his letter to his aunt above quoted.

The cross-complainant is still struggling to live on her earnings and the income from the community property purchased by the parties as a homestead and has no other estate. The statute provides: "If the wife has no separate estate, or if it be insufficient for her maintenance, the judge, upon granting a divorce at his discretion may decree to the wife an allowance out of the estate of the husband, taking into consideration the value thereof and the condition of his family." Code of 1940, Tit. 34, § 31.

We are, therefore, of opinion that the court did not abuse its discretion in authorizing the register to convey said property to her as permanent alimony. The allowance certainly is not excessive. Smith v. Smith, 251 Ala. 694, 39 So.2d 230; Ex parte Gurganus, 251 Ala. 361, 37 So.2d 591; Sills v. Sills, 246 Ala. 165, 19 So.2d 521; Garlington v. Garlington, 246 Ala. 665, 22 So.2d 89.

We have examined the assignments of error argued and insisted upon and find no reversible error.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.