**MARCUM et al. v. BROCK et al.**

Court of Appeals of Kentucky.
March 6, 1953.

Rehearing Denied May 8, 1953.

John M. Lyttle and J. D. White, Manchester, for appellant.

James C. Brock, Harlan, Lewis & Weaver, London, for appellee.

CLAY, Commissioner.

This suit was brought for a declaration of rights by appellees. Testimony was heard in open court before the Chancellor and he entered a judgment in their favor. Appellants failed to make the testimony a part of the record, and it is not before us. Under such circumstances we must presume the evidence supported the Chancellor's finding on all issues of fact and the only question presented is whether or not the pleadings support the judgment. Moran v. Moran, 281 Ky. 739, 137 S.W.2d 418, and Sapp v. Likens, 301 Ky. 445, 192 S.W.2d 394.

Appellees' petition alleged that they entered into coal lease contracts with the owners of certain land in 1949. Thereafter they sub-leased the property to a corporation, which in December 1951 went into bankruptcy. In June 1952 the owners released the property to the principal appellants. Appellees allege that their earlier leases had never been "declared null and void or cancelled" by the lessors. Without a prayer in the petition, it poses the question of whether or not their prior leases give them the right to mine coal on the premises.

Appellants' answer simply denied certain allegations of the petition and stated the question involved was whether or not the bankruptcy of the sub-lessee excused appellees' non-compliance with the working condition of the leases, which by express terms constituted a forfeiture. There is apparently a very real controversy in this case, but the pleadings do not present it. From the briefs we gather that the original leases were not worked for a period longer than 6 months. Two of them, however, provided "if lessees fail or refuse to mine or work said coal from said premises for a period of 6 months * * * then and in that event the said lease shall become null and void * * *."

It is apparent on the face of the leases that these provisions for forfeiture are self-executing. Therefore, if appellees failed to comply with the working condition, they have no more rights thereunder. See 36 Am.Jur., Mines and Minerals, Sec-

tions 58, 59; Landlord and Tenant, Sections 847, 848; 58 C.J.S., Mines and Minerals, § 184. Since appellees are asserting a superior right, it was incumbent upon them to allege performance of the working condition or an excuse for non-performance. Their petition fails to do either. It simply alleges that the lessors had not "declared" the leases null and void. Two of the leases did not require such a declaration. Therefore the petition was fatally defective in failing to negative or avoid the forfeiture expressly provided, and it does not support the judgment, regardless of what was developed by the evidence.

It appears to us the real controversy in the case is a matter of law which could be presented by the pleadings if the parties were so inclined.

The judgment is reversed, with directions to permit the parties to reform their pleadings if they desire to do so, and for further consistent proceedings.