350

## MILLS v. MILLS.

### 8 Div. 719.

Supreme Court of Alabama.

March 4, 1954.

Claud H. Pipes, Bell, Morring & Richardson, Huntsville, for appellant.

Griffin, Ford, Caldwell & Ford, Huntsville, for appellee.

LAWSON, Justice.

In a suit by the wife, appellee, against the husband, appellant, the circuit court of Madison County, in equity, rendered a decree in favor of the wife in the following respects. She was given an absolute divorce on the ground of cruelty. The care, custody and control of the two minor children of the marriage was awarded to her, with the right to visit the children at reasonable times and places being given to the husband. She was awarded the sum of $30 a week for the support and maintenance of herself and minor children. In addition to the foregoing relief the decree provided as follows:

"That the complainant, Mildred S. Mills, be, and she is hereby given the full possession and use of the following described real estate, lying and being in Madison County, Alabama, to-wit:

"Lots numbered Seven (7) and Eight (8) in Block Number Thirty Eight (38) of the Huntsville Land Building and Manufacturing Association's Addition to the City of Huntsville, Alabama, as shown by Plat thereof of record in the Office of the Judge of Probate of Madison County, Alabama, in Plat Book One (1) on Page 39, as said Block Number Thirty Eight (38) is re-surveyed and re-subdivided, by the West Huntsville Land Company, as shown by the plat recorded in said Probate Office of Madison County, Alabama, in Plat Book One (1) on Page 136½,

"together with all personal property now situated in the home on said real estate, it being the intention of the Court to award the possession and use of said real and personal property as a part of the complainant's permanent alimony herein. Said possession and use of said property is awarded to the complainant until such time as complainant may re-marry and subject to the further orders of this Court."

As before indicated the husband, Charles Mills, has appealed from that decree. He has made one assignment of error which

reads, in pertinent part, as follows: "The Court erred in granting to the Appellee by its final decree an excessive award of permanent and periodic alimony, maintenance and support for the Appellee and the minor children of the parties."

The position taken in brief filed here on behalf of appellant is not as broad as his assignment of error. The relief which appellant asks of this court is disclosed in the concluding paragraphs of his brief, which read:

"The Appellant does not dispute the propriety of the $30.00 per week periodic alimony and child support awarded the Appellee, nor the award to her of full possession of the home, but he does vigorously insist that the award to Appellant of possession of the small house, in addition, is manifestly unreasonable and excessive. Appellant will exert every effort to meet the $30.00 per week alimony and child support; but this constitutes three-fifths of his gross income, before taxes, and he would be in a materially better position to pay same, if he had the right to occupy the small house and were thus spared further expense in providing himself with living quarters.

"The only question Appellant desires to raise on this appeal is the reasonableness of the Court's award of possession of both of the houses, it being his contention that, with possession of the home and three-fifths of his gross income, the award of possession of the small house, taking all of his property, is excessive and that the decree ought to be modified to allow him the possession of the small house.

"It is, therefore, respectfully submitted that this Honorable Court ought, by its decision, to modify the decree of the trial court by allowing to the Appellant the possession of the small house upon the property described in Appellee's original bill and render a decree to said end."

In a suit for divorce the court may decree to the wife as a part of alimony the use and occupancy of real property for her support and maintenance. Smith v. Smith, 251 Ala. 694, 39 So.2d 230; Ex parte Gurganus, 251 Ala. 361, 37 So.2d 591; Sills v. Sills, 246 Ala. 165, 19 So.2d 521.

Lots 7 and 8 of the subdivision described in the decree of the trial court were purchased by the parties to this suit in April, 1952. The deed conveys the property to them jointly. The full purchase price was paid. Shortly after acquiring that property they constructed thereon a modern dwelling, which they occupied, with their children and the appellant's father. Later there was constructed, on the property purchased in April, 1952, a small two-room house. It does not have a bath and in fact is not completed. Appellee's mother and sister occupied the small house for a time. The lots purchased by the parties constitute one tract. The two houses are not built on separate lots. The evidence does not show how close the small house is to the main dwelling.

The decree of the trial court does not deal specifically with the small house and evidently considered it to be merely a part of the same property of which the appellee is given possession. In fact, there was no contention made in the trial court that the small house should be treated separately.

On the record before us, we would not be justified in modifying the decree of the trial court in the manner requested by appellant. The cause of the separation and later the divorce proceedings was due to an attack upon appellee by appellant, as a result of which appellee suffered a brain concussion and other injuries. At the time of the attack appellant was drinking heavily and the weight of the evidence is to the effect that he frequently drinks to excess.

Under such circumstances, we cannot say that appellant should be placed in possession of the small house located on the same tract of land as the home to be occupied by his wife. To do so would no doubt invite further trouble and discord, which would not only be detrimental to the

parties to this suit but to their minor children.

█ If the circumstances of the parties should substantially change, the trial court can make further orders relating to the home and furniture, and also may make such revisions in the weekly allowance to appellee as the substantially changed circumstances of the parties may warrant. Sills v. Sills, supra.

Finding no justification to reverse or modify the decree of the lower court in regard to the only ground here insisted upon, the decree of the trial court is due to be and is affirmed.

Affirmed.

SIMPSON, STAKELY and MERRILL, JJ., concur.